UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

IONA BROWN,

08 CV 00026

Index No.:

Docket No.:

Plaintiff,

-against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,

Defendants.

-------------------------------------------------------------------X

**NOTICE OF REMOVAL OF
CIVIL ACTION PURSUANT
TO 28 U.S.C. §1441**

**Judge Assigned:**



TO:   **CLERK OF THE ABOVE-ENTITLED COURT:**

   **NOTICE IS HEREBY GIVEN**, that, J.J.J. DELIVERY LLC, RIVER STREET

IDEA LEASE and JORGE ARACENA-NUNEZ, the defendants in the civil action in the

Supreme Court of the State of New York, County of Bronx, hereby file this Notice of Removal

to the United States District Court for the Southern District of New York pursuant to 28 U.S.C.

Sections 1441 and 1446.  A true copy of the State Court Notice of Removal of Civil Action

(without its attachments) is attached hereto as **Exhibit "A"** and is incorporated herein by

reference.  True and correct copies of plaintiff's summons and complaint are attached hereto as

**Exhibit "B"**.

   This is a civil action seeking monetary damages in excess of $75,000 of which this Court

has original jurisdiction under 28 U.S.C. section 1332.

   The United States District Court of the Southern District of New York has original

jurisdiction of this matter based on diversity of citizenship of the parties.  The basis of this

jurisdiction is provided in Section 1332(a) of Title 28 of the United States Code.  This section

states, in pertinent part, that the district courts should have original jurisdiction of all civil actions

with a matter in controversy exceeds the sum of or value of $75,000 exclusive of interest and cost, and is between citizens of different States.

As seen from the pleadings in this matter, plaintiffs are citizens of the State of New York and defendants are citizens of the State of New Jersey. The Summons and Complaint further alleges that plaintiff sustained serious injuries, and that exceeds the jurisdictional limits of all the lower courts, upon information and belief in excess of $75,000.

Concurrently with the filing of this Notice of Removal, defendant is giving notice to all known parties of this removal and the fact that this case is to be docketed in this Court and that this Court will grant relief to defendant as is proper under the circumstances.

Pursuant to 28 U.S.C. Section 1446(a) all process, pleadings and orders that have been served upon defendant to date in this matter are annexed to this Notice of Removal as Exhibit "B".

Pursuant to 28 U.S.C. 1146(d) a true and complete copy of this Notice of Removal will be submitted for filing with the UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK.

Dated: New York, New York
       January 2, 2008

Yours, etc.,

**LAW OFFICES OF PATRICK J. MALONEY**

By:_____
       Mark A. Solomon (2613)
Attorneys for Defendants
J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ
90 Broad Street – Suite 2202
New York, New York 10004
(646) 428-2650

TO:   KUHARSKI, LEVITZ & GIOVINAZZO
Attorneys for Plaintiff
IONA BROWN
7 Dey Street - 14th Floor
New York, New York 10007
(212) 228-1331


2599.doc

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------------X    Index No.: 303710/07

IONA BROWN,

                           Docket No.:

               Plaintiff,

                           **NOTICE OF FILING**

    -against-                   **OF REMOVAL**

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE    **Judge Assigned:**
and JORGE ARACENA-NUNEZ,

                     Defendants.

----------------------------------------------------------------X

**TO:**   **CLERK OF THE ABOVE-ENTITLED COURT:**

       **PLEASE TAKE NOTICE THAT** defendants J.J.J. DELIVERY LLC, RIVER STREET

IDEA LEASE and JORGE ARACENA-NUNEZ have filed a Notice of Removal of this action in

the United States District Court for the Southern District of New York, on January 4 2008,

pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.  A copy of the said Notice of

Removal is annexed hereto as **Exhibit "A"**.  This notice is filed pursuant to 28 U.S.C. §1446(d).

Dated: New York, New York
      January 2, 2008

                           Yours, etc.,

                           **LAW OFFICES OF PATRICK J. MALONEY**

                           By:_____

                               Mark A. Solomon (2613)
                         Attorneys for Defendants
                         J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
                         and JORGE ARACENA-NUNEZ
                         90 Broad Street – Suite 2202
                         New York, New York 10004
                         (646) 428-2650

TO:    KUHARSKI, LEVITZ & GIOVINAZZO
          Attorneys for Plaintiff
          IONA BROWN
          7 Dey Street - 14th Floor
          New York, New York 10007
          (212) 228-1331

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Index No. : 303710/07

IONA BROWN,

Docket No.:

                                    Plaintiff.

           -against-                                                  **Judge Assigned:**

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,

                                    Defendants,
-------------------------------------------------------------------X

---

### NOTICE OF FILING OF NOTICE OF REMOVAL

---

### LAW OFFICES OF PATRICK J. MALONEY
Attorneys for Defendants
J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ
90 Broad Street – Suite 2202
New York, New York 10004
(646) 428-2650

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

IONA BROWN,

                    Plaintiff,

     -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,

                  Defendants.

----------------------------------------------------------------X

Index No. :

Docket No.:

**NOTICE OF REMOVAL OF
CIVIL ACTION PURSUANT
TO 28 U.S.C. §1441**

**Judge Assigned:**

---

## NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §1441

---

**LAW OFFICES OF PATRICK J. MALONEY**
Attorneys for Defendants
J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ
90 Broad Street – Suite 2202
New York, New York 10004
(646) 428-2650

# EXHIBIT "B"

SUPREME COUNTY OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------

IONA BROWN,

                    Plaintiff,                          Index No. 303710/07
                                                        Date filed:

        -against-                                       **SUMMONS**

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,
                                                        Venue:
                    Defendants,                         Plaintiff's residence.

-----------------------------------------------------

        To the above named Defendant(s):

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the plaintiff's attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons
is not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Plaintiff 638 East 231st Street, Bronx, NY
Defendants' address :  J.J.J. DELIVERY  & RIVER STREET IDEA LEASE: 600 South River
Street., Hackensack, NJ
        JORGE ARACENA-NUNEZ: 192 Griffith Street, Jersey City, NJ

Dated:  New York, New York
        December 1, 2007

                                        Yours, etc.

                                        _____
                                        LONNY LEVITZ, Esq.
                                        KUHARSKI, LEVITZ & GIOVINAZZO
                                        Attorney for Plaintiff
                                        7 Dey Street, 14th Floor
                                        New York, New York 10007
                                        (212) 228-1331

TO:     J.J.J. DELIVERY & RIVER STREET IDEA LEASE
        600 South River Street
        Hackensack, NJ

        JORGE ARACENA-NUNEZ
        192 Griffith Street,
        JerseyCityNJ



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------x

IONA BROWN,

Index No. 303710/07

Plaintiff,

-against-

VERIFIED COMPLAINT

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,,

Defendants.

------------------------------------------------------x

Plaintiff, by his attorneys, KUHARSKI, LEVITZ & GIOVINAZZO, as and for a

cause of action allege upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF IONA BROWN

1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the

County of Bronx, State of New York.

2. That at all times mentioned herein, and on December 21, 2006, the defendant,

RIVER STREET IDEA LEASE, is was and has been a domestic corporation duly organized and

existing under and by virtue of the laws of the State of New York.

3. That at all times mentioned herein the defendant, RIVER STREET IDEA LEASE,

is, was and has been a domestic partnership and/or other domestic business entity doing business

in the State of New York.

4. That at all times mentioned herein, the defendant, RIVER STREET IDEA

LEASE, transacted business within the State of New York; regularly did or solicited business

within the State of New York or engaged in other persistent courses conduct and/or derived

substantial revenue from goods used or consumed or services rendered in the State of New York

and expected or should have reasonably expected its acts to have consequences within the State

of New York and/or derived substantial revenue from interstate or international commerce.

5.      That at all times mentioned herein, and on December 21, 2006, the defendant, RIVER STREET IDEA LEASE, is was and has been a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.      That at all times mentioned herein, and on December 21, 2006, the defendant, J.J.J. DELIVERY LLC, is was and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.      That at all times mentioned herein the defendant, J.J.J. DELIVERY LLC, is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

8.      That at all times mentioned herein, the defendant, J.J.J. DELIVERY LLC, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

9.      That at all times mentioned herein, and on December 21, 2006, the defendant, J.J.J. DELIVERY LLC, is was and has been a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.    That on December 21, 2006 and at all times hereinafter mentioned, the intersection of East 233rd Street, Bronx, NY, was and still is public highways used extensively by the public in general.

11.     That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the

owner of a vehicle with New Jersey State license plate # XD6055.

12.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the owner of a 2005 Truck.

13.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the owner of a 1998 Lincoln vehicle with New Jersey State license plates.

14.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the owner of a 2005 Truck vehicle with New York Jersey license plate # XD6055.

15.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the registrant of a vehicle with New Jersey State license plate # XD6055.

16.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the registrant of a 2005 Truck.

17.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the registrant of a 2005 Truck vehicle with New Jersey State license plates.

18.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the registrant of a 2005 Truck vehicle with New York Jersey license plate # XD6055.

19.    That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the owner of a vehicle with New Jersey State license plate # XD6055.

20.    That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the owner of a 2005 Truck.

21.    That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the owner of a 1998 Lincoln vehicle with New Jersey State license plates.

22.    That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the owner of a 2005 Truck vehicle with New York Jersey license plate # XD6055.

23. That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the registrant of a vehicle with New Jersey State license plate # XD6055.

24. That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the registrant of a 2005 Truck.

25. That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the registrant of a 2005 Truck vehicle with New Jersey State license plates.

26. That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the registrant of a 2005 Truck vehicle with New York Jersey license plate # XD6055.

27. That on December 21, 2006, defendant, JORGE ARACENA-NUNEZ, operated the aforesaid said vehicle.

28. That on December 21, 2006, defendant, JORGE ARACENA-NUNEZ, controlled the aforesaid said vehicle.

29. That on December 21, 2006, defendant JORGE ARACENA-NUNEZ, was operating said vehicle with the consent of defendant, RIVER STREET IDEA LEASE.

30. That on December 21, 2006, defendant JORGE ARACENA-NUNEZ, was operating said vehicle with the permission of defendant, RIVER STREET IDEA LEASE.

31. That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, was an employee of defendant, RIVER STREET IDEA LEASE.

32. That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, while an employee of the defendant, RIVER STREET IDEA LEASE, operated the motor vehicle bearing license plate number XD6055, State of New Jersey.

33. That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, operated a 2005 Truck.



34.    That on December 21, 2006, defendant JORGE ARACENA-NUNEZ, was operating said vehicle with the consent of defendant, J.J.J. DELIVERY LLC.

35.    That on December 21, 2006, defendant JORGE ARACENA-NUNEZ, was operating said vehicle with the permission of defendant, J.J.J. DELIVERY LLC.

36.    That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, was an employee of defendant, J.J.J. DELIVERY LLC.

37.    That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, while an employee of the defendant, J.J.J. DELIVERY LLC, operated the motor vehicle bearing license plate number XD6055, State of New Jersey.

38.    That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, operated a 2005 Truck.

39.    That on December 21, 2006, plaintiff, IONA BROWN, was driving her 1994 Mazda at 233rd Street, Bronx, NY.

40.    That on or about December 21, 2006, the vehicle owned by defendant RIVER STREET IDEA LEASE and /or J.J.J. DELIVERY LLC and operated by defendant JORGE ARACENA-NUNEZ, came into contact with the vehicle owned and operated by the plaintiff IONA BROWN.

41.    That the aforesaid collision and injuries resulting therefrom were due solely and wholly to the careless and negligent manner in which the defendant operated and controlled their motor vehicle without this plaintiff in any way contributing thereto.

42.    That the negligence of the defendants consisted of operating the aforesaid motor vehicle in a negligent, reckless, careless, grossly negligent, wanton and inherently reckless manner; in failing to keep the aforesaid motor vehicle under reasonable and proper control; in

failing to operate the aforesaid motor vehicle with due regard for the safety of the public and others; in failing to keep a proper lookout; in failing to observe what was available to be observed; in failing to observe the plaintiff's vehicle; in failing to avoid contact with plaintiff's vehicle, and to yield the right of way to the plaintiff's vehicle; in operating the aforesaid motor vehicle in a manner contrary to and in violation of the statutes, ordinances, rules and regulations in such cases made and provided; in failing to change lanes in a safe and reasonable manner; in failing to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in operating the aforesaid motor vehicle in such a negligent, careless, reckless wanton and grossly negligent manner as to precipitate the aforesaid accident; in failing to take defensive action; in failing to warn of the approach of the aforesaid motor vehicle; in failing to sound a warning to the plaintiff; in driving said vehicle through a red light; and the defendant was otherwise careless, reckless and negligent in the premises, in rear ending plaintiff's vehicle; in disobeying traffic signs and/or signals.

42. That by reason of the foregoing and the negligence of the said defendants, this plaintiff sustained serious, severe, and permanent injuries to his head, limbs and body; still suffers and will continue to suffer for some time great physical and mental pain and serious bodily injury; and became sick, sore, lame and disabled and so remained for a considerable length of time.

43. That by reason of the wrongful, negligent and unlawful actions of the defendants as aforesaid, the plaintiff, IONA BROWN, sustained serious injuries as defined by the Insurance Law of the State of New York and has sustained economic loss greater than basic economic loss as defined by said Insurance Law.

44. That by reason of the foregoing and the negligence of the said defendant, this

plaintiff, IONA BROWN, is informed and verily believes that his aforesaid injuries are permanent, and that he will permanently suffer from the effects of his aforesaid injuries and will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

45.  That by reason of the foregoing, this plaintiff, IONA BROWN, was compelled to seek and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for medicines, and upon information and belief, the plaintiff, IONA BROWN, will necessarily incur similar expenses in the future.

46.  That this action falls within one or more of the exceptions set forth in CPLR 1602.

47.  That by reason of the wrongful, negligent and unlawful actions of the defendant as aforesaid, the plaintiff, IONA BROWN, was severely injured, and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

48.  That by reason of the wrongful, negligent and unlawful actions of the defendant as aforesaid, the plaintiff, IONA BROWN's vehicle suffered property damage.

49.  That as a result of the defendant's negligence as aforesaid, this plaintiff, IONA BROWN, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

WHEREFORE, plaintiff, IONA BROWN demands, judgment against the defendants in the First Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS, together with costs and disbursements of this action.

Dated:  New York, New York
        December 1, 2007

                              Yours, etc.,

                              KUHARSKI, LEVITZ & GIOVINAZZO
                              Attorneys for Plaintiffs
                              7 Dey Street, 14th Floor
                              New York, New York 10007
                              Tel. 212/228-1331

STATE OF NEW YORK      }
                       } ss.
COUNTY OF NEW YORK     }

Lonny Levitz sworn, deposes and says:

That deponent is a member with **KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.**, attorneys for the plaintiff in the within action; that the deponent has read the foregoing and knows the contents thereof; that the same is true to deponents knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

Deponent further says that the source of deponent's information and the grounds of deponent's beliefs as to all matters not stated upon deponent's knowledge are from investigation made on behalf of said plaintiff.

DATED:      NEW YORK, NEW YORK
            December 1, 2007

_____
Lonny Levitz

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

IONA BROWN,

                              Plaintiff,

        -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,,

                      Defendants.

---

*SUMMONS & VERIFIED COMPLAINT*

---

KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
Attorneys for Plaintiffs
7 Dey Street
14$^h$ floor
New York, New York 10007
212-228-1331

---

TO:  J.J.J. DELIVERY & RIVER STREET IDEA LEASE
     600 South River Street
     Hackensack, NJ

     JORGE ARACENA-NUNEZ
     192 Griffith Street,
     Jersey City NJ

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                                        ss.:
COUNTY OF NEW YORK  )


**ROBERTTA GRAHAM**, being duly sworn, deposes and says:  that deponent is not a party to this action is over 18 years of age and resides in Bronx, New York.

That on the **2nd day of January 2008**, deponent served the within **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §1441**upon:

TO:    KUHARSKI, LEVITZ & GIOVINAZZO
         Attorneys for Plaintiff
         IONA BROWN
         7 Dey Street - 14th Floor
         New York, New York 10007
         (212) 228-1331

at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in the official depository under the exclusive care and custody of the United States Post Office with the State of New York.

_____
**ROBERTTA GRAHAM**


Sworn to before me this
2nd day of January 2008

_____
      Notary Public

LAURA E. RUBINICH
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01RU6110298
QUALIFIED IN NEW YORK COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES           BER 6TH, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X  Index No. :

IONA BROWN,
                                                                   Docket No.:

                              Plaintiff,

                                                                   **NOTICE OF REMOVAL OF**
        -against-                                                  **CIVIL ACTION PURSUANT**
                                                                   **TO 28 U.S.C. §1441**

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,                                           **Judge Assigned:**

                              Defendants.
----------------------------------------------------------------X

---

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §1441**

---

**LAW OFFICES OF PATRICK J. MALONEY**
Attorneys for Defendants
J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ
90 Broad Street – Suite 2202
New York, New York 10004
(646) 428-2650

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
IONA BROWN,

                Plaintiff

     -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,

              Defendants
-----------------------------------------------------------------X

Index No.: 303710/07

**VERIFIED ANSWER**
**DEFENDANT DEMANDS**
**TRIAL BY JURY**

      Defendant, J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE i/s/h/a RIVER

STREET IDEA LEASE and JORGE ARACENA-NUNEZ, by and through their attorneys, the

Law Offices of Patrick J. Maloney, as and for an answer to the complaint of the plaintiff, alleges

as follows upon information and belief:

    **FIRST:**   Denies each and every allegation contained in Paragraphs "2", "3", "5", "6", "7",

"9", "41", "42", "42", "43", "44", "45", "47", "48" and "49" of the Complaint.

    **SECOND:**   Denies each and every allegation contained in Paragraph  "46" and respectfully

refers all questions of law therein to the Court for resolution.

    **THIRD:**   Denies knowledge or information sufficient to form a belief as to each and every

allegation contained in Paragraphs "1", "4", "8", "10", "11", "12", "13", "14", "15", "16", "17",

"18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "31", "32", "33", "36", "37",

"38", "39" and "40" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

    **FOURTH:**   The injuries alleged to have been suffered by plaintiff(s) were caused, in whole or

part, by the conduct of plaintiff(s). Plaintiff's claims are barred or diminished in the proportion

that such culpable conduct of plaintiff bears to the total culpable conduct causing the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**FIFTH:** This Court has not acquired personal jurisdiction over the person of this answering defendant(s).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**SIXTH:** Plaintiff(s) failed to mitigate the damages alleged in the complaint by failure to wear or use seatbelts, shoulder harnesses, or other restraints or protective devices, at the time and place of the alleged incident, and any award made to or accepted by plaintiff(s) must be reduced in such proportion to the extent that the injuries complained of were caused, aggravated or contributed to by plaintiff's failure to use protective devices.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**SEVENTH:** Plaintiff(s) are precluded from maintaining this action by Insurance Law Article 51 in that plaintiff(s) have failed to sustain a serious injury or economic loss greater than the basic economic loss as defined by that law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**EIGHTH:** Plaintiff's cause(s) of action is barred by reason of res judicata.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**NINTH:** The cause of action may not be maintained because of arbitration and award, collateral estoppel, payment, or res judicata.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**TENTH:** That recovery, if any, on the complaint shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR §4545(c).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**ELEVENTH:**  That if it is determined that this answering defendant(s) is responsible for the acts alleged in the complaint then plaintiff(s) failed to take appropriate action to mitigate any damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**TWELFTH:**  The injuries and damages alleged in the complaint were caused or contributed to by plaintiff's culpable conduct in assuming the risk under the conditions and circumstances existing.

**WHEREFORE**, defendants respectfully request that this Honorable Court dismiss the Complaint of the plaintiff with prejudice and award defendant such other, further or different relief as the Court may deem just and proper, and that plaintiff demands a trial by jury on all issues in this action.

Dated: New York, New York
      January 2, 2008

Yours, etc.,

**LAW OFFICES OF PATRICK J. MALONEY**

By:_____
     Mark A. Solomon
Attorneys for Defendants
J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ
90 Broad Street – Suite 2202
New York, New York 10004
(646) 428-2650

TO:    KUHARSKI, LEVITZ & GIOVINAZZO
       Attorneys for Plaintiff
       IONA BROWN
       7 Dey Street - 14th Floor
       New York, New York 10007
       (212) 228-1331
2587.doc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X     Index No. 303710/07

IONA BROWN,

                         Plaintiff,                    **ATTORNEY'S
VERIFICATION**

    -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,

                       Defendants.
-------------------------------------------------------------------X

     MARK A. SOLOMON, an attorney duly admitted to practice law before the Courts of

New York State, hereby affirms under the penalties of perjury pursuant to CPLR 2106:

     I am an associate of the firm of the LAW OFFICES OF PATRICK J. MALONEY,

attorneys for defendant, J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE and JORGE

ARACENA-NUNEZ.

     I submit the following statement upon information and belief, based upon an inspection

of the records maintained by this office, which records I believe to be true.

     That I have read the contents of the attached Verified Answer and believe it to be true

based on information available or maintained by this firm.  I make this verification because this

defendant is not located in New York County.

Dated: New York, New York
       January 2, 2008

                                     _____
                                       MARK A. SOLOMON

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                         ss.:
COUNTY OF NEW YORK  )


**ROBERTTA GRAHAM**, being duly sworn, deposes and says:  that deponent is not a party to this action is over 18 years of age and resides in Bronx, New York.

That on the **2ⁿᵈ day of January 2008**, deponent served the within **VERIFIED ANSWER** upon:

TO:    KUHARSKI, LEVITZ & GIOVINAZZO
            Attorneys for Plaintiff
            IONA BROWN
            7 Dey Street - 14th Floor
            New York, New York 10007
            (212) 228-1331

at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in the official depository under the exclusive care and custody of the United States Post Office with the State of New York.

                                       **ROBERTTA GRAHAM**

Sworn to before me this
2ⁿᵈ day of January 2008

                  Notary Public

LAURA E. RUBINICH
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01RU6113028
QUALIFIED IN NEW YORK COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES 2/28/20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X    Index No.: 303710/07
IONA BROWN,

                        Plaintiff

        -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,

                        Defendants
-----------------------------------------------------------------X

---

## VERIFIED ANSWER
## DEFENDANT DEMANDS TRIAL BY JURY

---

**LAW OFFICES OF PATRICK J. MALONEY**
Attorneys for Defendants
.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE and JORGE ARACENA-
NUNEZ 90 Broad Street – Suite 2202
New York, New York 10004
(646) 428-2650