UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

IONA BROWN,

                        Plaintiff

                v.


J.J.J. DELIVERY LLC, RIVER STREET IDEA
LEASE and JORGE ARACENA-NUNEZ

                        Defendants
-------------------------------------------------------------x

Index No.: 08 Civ. 00026
(MGC)

ECF CASE

AFFIDAVIT IN SUPPORT
OF MOTION

STATE OF NEW YORK    )
                                    )ss.:
COUNTY OF NEW YORK   )

    Mark A. Solomon, being duly sworn, deposes and states:

    1.        I am an attorney duly admitted to practice before this Court. I am an attorney with

the Law Offices of Harvey & Vandamme, attorneys for defendants J.J.J. DELIVERY LLC,

RIVER STREET IDEA LEASE and JORGE ARACENA-NUNEZ in the above captioned

matter. I am familiar with the pleadings and proceedings in this matter, and I make this affidavit

in support of defendant's motion for an Order pursuant to FRCP 17 dismissing the complaint in

its entirety, together with such other relief as the Court may deem just and proper.

    2.        This is an action for personal injuries allegedly sustained by plaintiff in a motor

vehicle accident on December 21, 2006. Plaintiff commenced this action by filing a summons

and complaint on or about December 17, 2007 Issue was joined by service of an answer on or

about January 2, 2008. (See Exhibit "A", Pleadings, annexed hereto).

    3.        At her deposition conducted on July 10, 2008, plaintiff Iona Brown revealed that

she had filed for bankruptcy. Attached hereto collectively as Exhibit "B" are copies of the

PACER documents evidencing that plaintiff voluntarily filed under Chapter 7 on April 26, 2007, after her cause of action accrued; an Order of Final Decree issued January 11, 2008.

    4.    Plaintiff failed to list her cause of action arising from the December 21, 2006 motor vehicle accident as an asset on the Voluntary Petition. See Exhibit "B". As the plaintiff failed to list her cause of action against the defendants on her Voluntary Bankruptcy Petition, the claim remains the property of the bankruptcy estate, and precludes the plaintiff from pursuing the claim on her own behalf. As plaintiff lacks the standing to sue, her Complaint must be dismissed as a matter of law.

### Discussion

    5.    The United States Bankruptcy code broadly defines the property of a debtor to include causes of action existing at the time of the commencement of the bankruptcy action. (Bromley v. Fleet Bank, 240 A.D.2d 611, 659 N.Y.S.2d 83; see also, 11 USC § 541[a] [1]). Upon the filing of a voluntary bankruptcy petition, all property that the debtor owns or subsequently acquires, including a cause of action, vests in the bankruptcy estate (See, DeLarco v. DeWitt, 136 A.D.2d 406, 527 N.Y.S.2d 615). A debtor's failure to list a legal claim as an asset on his or her bankruptcy petition causes the claim to remain the property of the bankruptcy estate and precludes a debtor from pursuing the claim on his or her own behalf (See, Hansen v. Madani, 263 A.D.2d 881, 693 N.Y.S.2d 332).

    6.    For example, in Coogan v. Ed's Bargain Buggy Corp., 719 N.Y.S.2d 260 (App. Div. 2nd Dept 2001), the incident on which the action was based occurred in December 1993. The plaintiff thereafter commenced a bankruptcy proceeding in March 1994. The plaintiff did not include the action as an asset on his bankruptcy petition. Having failed to do so, the Court ruled that he lacked the capacity to sue in the present action and dismissed the Complaint. Id.

7.    Similarly, in <u>Robinson V. J.A. Wiertel Construction and Benderson Dev. Corp.</u>, 586 N.Y.S.2d 59 (App. Div. 4th Dept 1992), the Appellate Court unanimously affirmed the dismissal of plaintiff's case, where the plaintiff failed to list a pre-petition personal injury cause of action on his schedule of assets in his bankruptcy petition. <u>Id.</u> The Court stated that he had no standing to pursue the personal injury claim, as the cause of action was the property of the bankruptcy estate. <u>Id.</u>

8.    Specifically, the <u>Robinson</u> Court stated that "[a]ll assets of the debtor must be listed on the schedule of assets (11 USC 521 [1]). If a debtor fails to schedule an asset, the asset cannot be 'dealt with' during the bankruptcy, and therefore, title to the asset remains in the bankruptcy estate (<u>See, Dynamics Corp. of Am. v. Marine Midland Bank of New York</u>, 69 N.Y.2d 191, 196-197, 513 N.Y.S.2d 91, 505 N.E.2d 601). Having failed to list a personal injury cause of action against defendants J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE and JORGE ARACENA-NUNEZ on her schedule of assets, plaintiff is precluded from pursuing the claim (<u>See, Matter of C&M Plastics</u>, 168 A.D.2d 160, 161, 571 N.Y.S.2d 343; <u>DeLarco v. DeWitt</u>, 136 A.D.2d 406, 408, 527 N.Y.S.2d 615)". <u>Robinson</u>, <u>supra</u>.

9.    Therefore, having failed to list the legal claim arising out of the December 21, 2006 accident at issue in this case as an asset on her voluntary bankruptcy petition, the plaintiff in the instant matter lacks the capacity to sue, and the complaint must be dismissed.

10.    Based upon the above recitations and accompanying exhibits, it is respectfully requested that the Court issue an Order pursuant to FRCP 17 dismissing the complaint in its entirety, together with such other relief as the Court may deem just and proper.

WHEREFORE, it is respectfully requested that the Court grant the within motion for an

Order pursuant to FRCP 17 dismissing the complaint in its entirety, together with such other

relief as the Court may deem just and proper.

**Mark A. Solomon (2613)**

Sworn to before me this
5 day of August, 2008.

Notary Public

LAURA L. RUBINICH-MARTINEZ
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01RU6118288
QUALIFIED IN NEW YORK COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES NOVEMBER 8TH, 20__

# EXHIBIT "A"

SUPREME COUNTY OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------

IONA BROWN,

Plaintiff,

-against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,

Defendants,

-------------------------------------------------------------

Index No. 303710/07
Date filed:

**SUMMONS**

Venue:
Plaintiff's residence.

To the above named Defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the plaintiff's attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons
is not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Plaintiff 638 East 231st Street, Bronx, NY
Defendants' address :  J.J.J. DELIVERY  & RIVER STREET IDEA LEASE: 600 South River
Street., Hackensack, NJ
        JORGE ARACENA-NUNEZ: 192 Griffith Street, Jersey City, NJ

Dated: New York, New York
        December 1, 2007

Yours, etc.

LONNY LEVITZ, Esq.
KUHARSKI, LEVITZ & GIOVINAZZO
Attorney for Plaintiff
7 Dey Street, 14th Floor
New York, New York 10007
(212) 228-1331

TO:    J.J.J. DELIVERY & RIVER STREET IDEA LEASE
        600 South River Street
        Hackensack, NJ

        JORGE ARACENA-NUNEZ
        192 Griffith Street,
        JerseyCityNJ

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------x

IONA BROWN,

                                    Plaintiff,

                 -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,,

                                    Defendants.

-------------------------------------------------------------x

Index No. 303710/07

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, KUHARSKI, LEVITZ & GIOVINAZZO, as and for a

cause of action allege upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF IONA BROWN

1.  That at all times hereinafter mentioned, the plaintiff was and still is a resident of the

County of Bronx, State of New York.

2.      That at all times mentioned herein, and on December 21, 2006, the defendant,

RIVER STREET IDEA LEASE, is was and has been a domestic corporation duly organized and

existing under and by virtue of the laws of the State of New York.

3.      That at all times mentioned herein the defendant, RIVER STREET IDEA LEASE,

is, was and has been a domestic partnership and/or other domestic business entity doing business

in the State of New York.

4.      That at all times mentioned herein, the defendant, RIVER STREET IDEA

LEASE, transacted business within the State of New York; regularly did or solicited business

within the State of New York or engaged in other persistent courses conduct and/or derived

substantial revenue from goods used or consumed or services rendered in the State of New York

and expected or should have reasonably expected its acts to have consequences within the State

of New York and/or derived substantial revenue from interstate or international commerce.

5.    That at all times mentioned herein, and on December 21, 2006, the defendant, RIVER STREET IDEA LEASE, is was and has been a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.    That at all times mentioned herein, and on December 21, 2006, the defendant, J.J.J. DELIVERY LLC, is was and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.    That at all times mentioned herein the defendant, J.J.J. DELIVERY LLC, is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

8.    That at all times mentioned herein, the defendant, J.J.J. DELIVERY LLC, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

9.    That at all times mentioned herein, and on December 21, 2006, the defendant, J.J.J. DELIVERY LLC, is was and has been a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. That on December 21, 2006 and at all times hereinafter mentioned, the intersection of East 233rd Street, Bronx, NY, was and still is public highways used extensively by the public in general.

11.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the

owner of a vehicle with New Jersey State license plate # XD6055.

12.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the owner of a 2005 Truck.

13.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the owner of a 1998 Lincoln vehicle with New Jersey State license plates.

14.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the owner of a 2005 Truck vehicle with New York Jersey license plate # XD6055.

15.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the registrant of a vehicle with New Jersey State license plate # XD6055.

16.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the registrant of a 2005 Truck.

17.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the registrant of a 2005 Truck vehicle with New Jersey State license plates.

18.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the registrant of a 2005 Truck vehicle with New York Jersey license plate # XD6055.

19.    That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the owner of a vehicle with New Jersey State license plate # XD6055.

20.    That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the owner of a 2005 Truck.

21.    That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the owner of a 1998 Lincoln vehicle with New Jersey State license plates.

22.    That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the owner of a 2005 Truck vehicle with New York Jersey license plate # XD6055.

23.     That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the registrant of a vehicle with New Jersey State license plate # XD6055.

24.     That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the registrant of a 2005 Truck.

25.     That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the registrant of a 2005 Truck vehicle with New Jersey State license plates.

26.     That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the registrant of a 2005 Truck vehicle with New York Jersey license plate # XD6055.

27.     That on December 21, 2006, defendant, JORGE ARACENA-NUNEZ, operated the aforesaid said vehicle.

28.     That on December 21, 2006, defendant, JORGE ARACENA-NUNEZ, controlled the aforesaid said vehicle.

29.     That on December 21, 2006, defendant JORGE ARACENA-NUNEZ, was operating said vehicle with the consent of defendant, RIVER STREET IDEA LEASE.

30.     That on December 21, 2006, defendant JORGE ARACENA-NUNEZ, was operating said vehicle with the permission of defendant, RIVER STREET IDEA LEASE.

31.     That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, was an employee of defendant, RIVER STREET IDEA LEASE.

32.     That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, while an employee of the defendant, RIVER STREET IDEA LEASE, operated the motor vehicle bearing license plate number XD6055, State of New Jersey.

33. That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, operated a 2005 Truck.

34.    That on December 21, 2006, defendant JORGE ARACENA-NUNEZ, was operating said vehicle with the consent of defendant, J.J.J. DELIVERY LLC.

35.    That on December 21, 2006, defendant JORGE ARACENA-NUNEZ, was operating said vehicle with the permission of defendant, J.J.J. DELIVERY LLC.

36.    That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, was an employee of defendant, J.J.J. DELIVERY LLC.

37.    That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, while an employee of the defendant, J.J.J. DELIVERY LLC, operated the motor vehicle bearing license plate number XD6055, State of New Jersey.

38.    That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, operated a 2005 Truck.

39.    That on December 21, 2006, plaintiff, IONA BROWN, was driving her 1994 Mazda at 233rd Street, Bronx, NY.

40.    That on or about December 21, 2006, the vehicle owned by defendant RIVER STREET IDEA LEASE and /or J.J.J. DELIVERY LLC and operated by defendant JORGE ARACENA-NUNEZ, came into contact with the vehicle owned and operated by the plaintiff IONA BROWN.

41.    That the aforesaid collision and injuries resulting therefrom were due solely and wholly to the careless and negligent manner in which the defendant operated and controlled their motor vehicle without this plaintiff in any way contributing thereto.

42.    That the negligence of the defendants consisted of operating the aforesaid motor vehicle in a negligent, reckless, careless, grossly negligent, wanton and inherently reckless manner; in failing to keep the aforesaid motor vehicle under reasonable and proper control; in

failing to operate the aforesaid motor vehicle with due regard for the safety of the public and others; in failing to keep a proper lookout; in failing to observe what was available to be observed; in failing to observe the plaintiff's vehicle; in failing to avoid contact with plaintiff's vehicle, and to yield the right of way to the plaintiff's vehicle; in operating the aforesaid motor vehicle in a manner contrary to and in violation of the statutes, ordinances, rules and regulations in such cases made and provided; in failing to change lanes in a safe and reasonable manner; in failing to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in operating the aforesaid motor vehicle in such a negligent, careless, reckless wanton and grossly negligent manner as to precipitate the aforesaid accident; in failing to take defensive action; in failing to warn of the approach of the aforesaid motor vehicle; in failing to sound a warning to the plaintiff; in driving said vehicle through a red light; and the defendant was otherwise careless, reckless and negligent in the premises, in rear ending plaintiff's vehicle; in disobeying traffic signs and/or signals.

42.  That by reason of the foregoing and the negligence of the said defendants, this plaintiff sustained serious, severe, and permanent injuries to his head, limbs and body; still suffers and will continue to suffer for some time great physical and mental pain and serious bodily injury; and became sick, sore, lame and disabled and so remained for a considerable length of time.

43.  That by reason of the wrongful, negligent and unlawful actions of the defendants as aforesaid, the plaintiff, IONA BROWN, sustained serious injuries as defined by the Insurance Law of the State of New York and has sustained economic loss greater than basic economic loss as defined by said Insurance Law.

44.  That by reason of the foregoing and the negligence of the said defendant, this

plaintiff, IONA BROWN, is informed and verily believes that his aforesaid injuries are permanent, and that he will permanently suffer from the effects of his aforesaid injuries and will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

45.    That by reason of the foregoing, this plaintiff, IONA BROWN, was compelled to seek and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for medicines, and upon information and belief, the plaintiff, IONA BROWN, will necessarily incur similar expenses in the future.

46.    That this action falls within one or more of the exceptions set forth in CPLR 1602.

47.    That by reason of the wrongful, negligent and unlawful actions of the defendant as aforesaid, the plaintiff, IONA BROWN, was severely injured, and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

48.    That by reason of the wrongful, negligent and unlawful actions of the defendant as aforesaid, the plaintiff, IONA BROWN's vehicle suffered property damage.

49.    That as a result of the defendant's negligence as aforesaid, this plaintiff, IONA BROWN, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

WHEREFORE, plaintiff, IONA BROWN demands, judgment against the defendants in the First Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS, together with costs and disbursements of this action.

Dated:  New York, New York
        December 1, 2007

                        Yours, etc.,

                        KUHARSKI, LEVITZ & GIOVINAZZO
                        Attorneys for Plaintiffs
                        7 Dey Street, 14th Floor
                        New York, New York 10007
                        Tel. 212/228-1331

STATE OF NEW YORK      }
                       } ss.
COUNTY OF NEW YORK     }

Lonny Levitz sworn, deposes and says:

That deponent is a member with **KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.**, attorneys for the plaintiff in the within action; that the deponent has read the foregoing and knows the contents thereof; that the same is true to deponents knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

Deponent further says that the source of deponent's information and the grounds of deponent's beliefs as to all matters not stated upon deponent's knowledge are from investigation made on behalf of said plaintiff.

DATED:     NEW YORK, NEW YORK
           December 1, 2007


_____
Lonny Levitz

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

IONA BROWN,

                              Plaintiff,

          -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,,

                              Defendants.

---

### SUMMONS & VERIFIED COMPLAINT

---

KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
Attorneys for Plaintiffs
7 Dey Street
14$^h$ floor
New York, New York 10007
212-228-1331

---

TO:  J.J.J. DELIVERY & RIVER STREET IDEA LEASE
     600 South River Street
     Hackensack, NJ

     JORGE ARACENA-NUNEZ
     192 Griffith Street,
     Jersey City NJ

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------X

IONA BROWN,

                      Plaintiff

      -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,

                    Defendants

-----------------------------------------------------------------X

Index No.: 303710/07

**VERIFIED ANSWER**
**DEFENDANT DEMANDS**
**TRIAL BY JURY**

       Defendant, J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE i/s/h/a RIVER STREET IDEA LEASE and JORGE ARACENA-NUNEZ, by and through their attorneys, the Law Offices of Patrick J. Maloney, as and for an answer to the complaint of the plaintiff, alleges as follows upon information and belief:

    **FIRST:**  Denies each and every allegation contained in Paragraphs "2", "3", "5", "6", "7", "9", "41", "42", "42", "43", "44", "45", "47", "48" and "49" of the Complaint.

    **SECOND:**  Denies each and every allegation contained in Paragraph "46" and respectfully refers all questions of law therein to the Court for resolution.

    **THIRD:**  Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs "1", "4", "8", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "31", "32", "33", "36", "37", "38", "39" and "40" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

    **FOURTH:**  The injuries alleged to have been suffered by plaintiff(s) were caused, in whole or part, by the conduct of plaintiff(s). Plaintiff's claims are barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**FIFTH:** This Court has not acquired personal jurisdiction over the person of this answering defendant(s).

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**SIXTH:** Plaintiff(s) failed to mitigate the damages alleged in the complaint by failure to wear or use seatbelts, shoulder harnesses, or other restraints or protective devices, at the time and place of the alleged incident, and any award made to or accepted by plaintiff(s) must be reduced in such proportion to the extent that the injuries complained of were caused, aggravated or contributed to by plaintiff's failure to use protective devices.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**SEVENTH:** Plaintiff(s) are precluded from maintaining this action by Insurance Law Article 51 in that plaintiff(s) have failed to sustain a serious injury or economic loss greater than the basic economic loss as defined by that law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**EIGHTH:** Plaintiff's cause(s) of action is barred by reason of res judicata.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**NINTH:** The cause of action may not be maintained because of arbitration and award, collateral estoppel, payment, or res judicata.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**TENTH:** That recovery, if any, on the complaint shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR §4545(c).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**ELEVENTH:**  That if it is determined that this answering defendant(s) is responsible for the acts

alleged in the complaint then plaintiff(s) failed to take appropriate action to mitigate any

damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**TWELFTH:**  The injuries and damages alleged in the complaint were caused or contributed to

by plaintiff's culpable conduct in assuming the risk under the conditions and circumstances

existing.

**WHEREFORE**, defendants respectfully request that this Honorable Court dismiss the

Complaint of the plaintiff with prejudice and award defendant such other, further or different

relief as the Court may deem just and proper, and that plaintiff demands a trial by jury on all

issues in this action.

Dated:  New York, New York
          January 2, 2008

Yours, etc.,

**LAW OFFICES OF PATRICK J. MALONEY**

By:_____
          Mark A. Solomon
          Attorneys for Defendants
          J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
          and JORGE ARACENA-NUNEZ
          90 Broad Street – Suite 2202
          New York, New York 10004
          (646) 428-2650

TO:    KUHARSKI, LEVITZ & GIOVINAZZO
        Attorneys for Plaintiff
        IONA BROWN
        7 Dey Street - 14th Floor
        New York, New York 10007
        (212) 228-1331

2587.doc

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X
IONA BROWN,

                            Plaintiff,

      -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,

                            Defendants.
----------------------------------------------------------------X

Index No. 303710/07

**ATTORNEY'S**
**VERIFICATION**

    MARK A. SOLOMON, an attorney duly admitted to practice law before the Courts of New York State, hereby affirms under the penalties of perjury pursuant to CPLR 2106:

    I am an associate of the firm of the LAW OFFICES OF PATRICK J. MALONEY, attorneys for defendant, J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE and JORGE ARACENA-NUNEZ.

    I submit the following statement upon information and belief, based upon an inspection of the records maintained by this office, which records I believe to be true.

    That I have read the contents of the attached Verified Answer and believe it to be true based on information available or maintained by this firm. I make this verification because this defendant is not located in New York County.

Dated: New York, New York
       January 2, 2008

                              _____
                                MARK A. SOLOMON

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )

                           ss.:

COUNTY OF NEW YORK   )

      **ROBERTTA GRAHAM**, being duly sworn, deposes and says: that deponent is not a party to this action is over 18 years of age and resides in Bronx, New York.

      That on the **2nd day of January 2008**, deponent served the within **VERIFIED ANSWER** upon:

TO:   KUHARSKI, LEVITZ & GIOVINAZZO
       Attorneys for Plaintiff
       IONA BROWN
       7 Dey Street - 14th Floor
       New York, New York 10007
       (212) 228-1331

at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in the official depository under the exclusive care and custody of the United States Post Office with the State of New York.

                                             **ROBERTTA GRAHAM**

Sworn to before me this
2nd day of January 2008

       Notary Public

# EXHIBIT "B" 1 –

**United States Bankruptcy Court**
**Southern District of New York**

IN RE:                                                                          Case No. _____

**Brown, Iona M** _____  Chapter **7** _____
                                              Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ........................................................................ $ _____**1,200.00**

    Prior to the filing of this statement I have received ................................................................ $ _____**1,200.00**

    Balance Due ........................................................................................................ $ _____**0.00**

2.  The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify):

3.  The source of compensation to be paid to me is: ☐ Debtor ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:

<table>
<tr><td colspan="2" align="center">CERTIFICATION</td></tr>
<tr><td colspan="2">I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.</td></tr>
<tr><td>_____**April 27, 2007**_____<br>Date</td><td>**/s/ Richard A. Roberts**_____<br>Signature of Attorney</td></tr>
<tr><td></td><td>**Richard A. Roberts**_____<br>Name of Law Firm</td></tr>
</table>

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

## UNITED STATES BANKRUPTCY COURT

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
## OF THE BANKRUPTCY CODE

---

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

---

### 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

### 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in instalments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them,

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

<div style="text-align:left; writing-mode: vertical;">© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only</div>

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

Printed Name and title, if any, of Bankruptcy Petition Preparer
Address:

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.)
(Required by 11 U.S.C. § 110.)

**X** _____
Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or partner whose Social Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| Brown, Iona M | **X** /s/ Iona M Brown | 4/27/2007 |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | **X** _____ | |
| | Signature of Joint Debtor (if any) | Date |

NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b) OF THE BANKRUPTCY CODE

Official Form 22A (Chapter 7) (04/07)

In re: **Brown, Iona M**
_____
Debtor(s)

Case Number: _____
(If known)

| According to the calculations required by this statement: |
| --- |
| ☐ **The presumption arises** |
| ☑ **The presumption does not arise** |
| (Check the box as directed in Parts I, III, and VI of this statement.) |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedule I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts. Joint debtors may complete one statement only.

| Part I. EXCLUSION FOR DISABLED VETERANS |
| --- |

| 1 | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. |
| --- | --- |
| | ☐ **Veteran's Declaration.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. § 901(1)). |

| Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION |
| --- |

<table>
<tr><td rowspan="2">2</td><td colspan="3">**Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br><br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br><br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br><br>c. ☑ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.**<br><br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**</td></tr>
<tr><td colspan="3"></td></tr>
</table>

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A<br>Debtor's<br>Income | Column B<br>Spouse's<br>Income |
| --- | --- | --- | --- |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $      686.51 | $ |

<table>
<tr><td rowspan="4">4</td><td colspan="2">Income from the operation of a business, profession or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the business expenses entered Line b as a deduction in Part V.**</td><td></td><td></td></tr>
<tr><td>a.</td><td>Gross receipts</td><td>$</td><td></td><td></td></tr>
<tr><td>b.</td><td>Ordinary and necessary business expenses</td><td>$</td><td></td><td></td></tr>
<tr><td>c.</td><td>Business income</td><td>Subtract Line b from Line a</td><td>$</td><td>$</td></tr>
</table>

<table>
<tr><td rowspan="4">5</td><td colspan="2">Rent and other real property income. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**</td><td></td><td></td></tr>
<tr><td>a.</td><td>Gross receipts</td><td>$</td><td></td><td></td></tr>
<tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td>$</td><td></td><td></td></tr>
<tr><td>c.</td><td>Rent and other real property income</td><td>Subtract Line b from Line a</td><td>$</td><td>$</td></tr>
</table>

| 6 | **Interest, dividends, and royalties.** | | $ | $ |
| --- | --- | --- | --- | --- |
| 7 | **Pension and retirement income.** | | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support.** Do not include amounts paid by the debtor's spouse if Column B is completed. | | $ | $ |

<table>
<tr><td rowspan="2">9</td><td colspan="3">**Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:</td><td></td><td></td></tr>
<tr><td>Unemployment compensation claimed to be a benefit under the Social Security Act</td><td>Debtor $ _____</td><td>Spouse $ _____</td><td>$</td><td>$</td></tr>
</table>

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 22A (Chapter 7) (04/07) - Cont.

| 10 | **Income from all other sources.** If necessary, list additional sources on a separate page. **Do not** include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount. | | |
|---|---|---|---|
| | a. | $ | |
| | b. | $ | |
| | Total and enter on Line 10 | $ | |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $    686.51 | $ |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ | 686.51 |

## Part III. APPLICATION OF § 707(B)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $    8,238.12 |
|---|---|---|
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: **New York**    b. Enter debtor's household size:  **5** | $    81,401.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI, or VII.<br><br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ |
|---|---|---|
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. If you did not check box at Line 2.c, enter zero. | $ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

## Part V. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19 | **National Standards: food, clothing, household supplies, personal care, and miscellaneous.** Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | $ |
|---|---|---|---|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | | $ |
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | |
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a | $ |
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | | $ |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 22A (Chapter 7) (04/07) - Cont.

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| 22 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0  ☐ 1  ☐ 2 or more.<br><br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1  ☐ 2 or more.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |

| | a. | IRS Transportation Standards, Ownership Costs, First Car | $ |
|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a |

(Line 23 result) $

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | |

| | a. | IRS Transportation Standards, Ownership Costs, Second Car | $ |
|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a |

(Line 24 result) $

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |

| 26 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as non-mandatory 401(k) contributions.** | $ |

| 27 | **Other Necessary Expenses: life insurance.** Enter average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |

| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 44.** | $ |

| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |

| 30 | **Other Necessary Expenses: childcare.** Enter the average monthly amount that you actually expend on childcare — such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |

| 31 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |

| 32 | **Other Necessary Expenses: telecommunication services.** Enter the average monthly amount that you actually pay for telecommunication services other than your basic home telephone service — such as cell phones, pagers, call waiting, caller id, special long distance, or internet service — to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |

| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

Official Form 22A (Chapter 7) (04/07) - Cont.

| | **Subpart B: Additional Expense Deductions under § 707(b)**<br>**Note: Do not include any expenses that you have listed in Lines 19-32** | |
|---|---|---|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List and total the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories.<table><tr><td>a.</td><td>Health Insurance</td><td>$</td></tr><tr><td>b.</td><td>Disability Insurance</td><td>$</td></tr><tr><td>c.</td><td>Health Savings Account</td><td>$</td></tr><tr><td></td><td></td><td>Total: Add Lines a, b and c</td></tr></table> | $ |
| 35 | **Continued contributions to the care of household or family members.** Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the average monthly expenses that you actually incur, not to exceed $137.50 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. **You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 39 | **Additional food and clothing expense.** Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |
| | **Subpart C: Deductions for Debt Payment** | |
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page.<table><tr><td></td><td>Name of Creditor</td><td>Property Securing the Debt</td><td>60-month Average Pmt</td></tr><tr><td>a.</td><td></td><td></td><td>$</td></tr><tr><td>b.</td><td></td><td></td><td>$</td></tr><tr><td>c.</td><td></td><td></td><td>$</td></tr><tr><td></td><td></td><td></td><td>Total: Add lines a, b and c.</td></tr></table> | $ |
| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page.<table><tr><td></td><td>Name of Creditor</td><td>Property Securing the Debt</td><td>1/60th of the Cure Amount</td></tr><tr><td>a.</td><td></td><td></td><td>$</td></tr><tr><td>b.</td><td></td><td></td><td>$</td></tr><tr><td>c.</td><td></td><td></td><td>$</td></tr><tr><td></td><td></td><td></td><td>Total: Add lines a, b and c.</td></tr></table> | $ |
| 44 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | $ |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 22A (Chapter 7) (04/07) - Cont.

| | | | | |
|---|---|---|---|---|
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | | |
| | a. | Projected average monthly Chapter 13 plan payment. | $ | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | X | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ |
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | | | $ |

### Subpart D: Total Deductions Allowed under § 707(b)(2)

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18** (Current monthly income for § 707(b)(2)) | $ |
|---|---|---|
| 49 | **Enter the amount from Line 47** (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 51 is less than $6,575.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☐ **The amount set forth on Line 51 is more than $10,950.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br>☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | **Enter the amount of your total non-priority unsecured debt.** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an *additional* deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | | |
|---|---|---|---|
| | Expense Description | | Monthly Amount |
| | a. | | $ |
| | b. | | $ |
| | c. | | $ |
| | | Total: Add Lines a, b and c | $ |

## Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)* |
|---|---|
| | Date: **April 27, 2007**      Signature: **/s/ Iona M Brown**<br>                                                                              (Debtor) |
| | Date: _____      Signature: _____<br>                                                                              (Joint Debtor, if any) |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

(Official Form 1) (04/07)

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Brown, Iona M** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Iona M Simpson** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): **4638** | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**638 East 231st Street 1-C**<br>**Bronx, NY**<br>ZIPCODE **10466** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**Bronx** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)
- ☑ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)
- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors:**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,190,000.
Check all applicable boxes:
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to $10,000 | ☑ $10,000 to $100,000 | ☐ $100,000 to $1 million | ☐ $1 million $100 million | ☐ More than $100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☑ $50,000 to $100,000 | ☐ $100,000 to $1 million | ☐ $1 million $100 million | ☐ More than $100 million |
|---|---|---|---|---|

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

VOLUNTARY PETITION

(Official Form 1)  (04/07)                                                                    FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Brown, Iona M** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X */s/ Richard A. Roberts*                              4/27/07<br>   Signature of Attorney for Debtor(s)                     Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.<br>
☑ No

---

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

  ☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

  ☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

---

**Information Regarding the Debtor - Venue**<br>
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Statement by a Debtor Who Resides as a Tenant of Residential Property**<br>
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord or lessor that obtained judgment)

_____

(Address of landlord or lessor)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

VOLUNTARY PETITION

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

(Official Form 1) (04/07)

FORM B1, Page 3

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Brown, Iona M** |
|---|---|

| **Signatures** |
|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Iona M Brown**
Signature of Debtor

**Iona M Brown**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**April 27, 2007**
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

X _____
Printed Name of Foreign Representative

_____
Date

**Signature of Attorney**

X **/s/ Richard A. Roberts**
Signature of Attorney for Debtor(s)

**Richard A. Roberts 1941988**
Printed Name of Attorney for Debtor(s)

**Richard A. Roberts**
Firm Name

**105 Stevens Avenue, Suite 401**
Address

**Mount Vernon, NY  10550**

**(914) 668-6622**
Telephone Number

**April 27, 2007**
Date

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any,  of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

_____
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter on title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 1, Exhibit D (10/06)

## United States Bankruptcy Court
## Southern District of New York

IN RE:                                                                    Case No. _____

**Brown, Iona M** _____    Chapter **7** _____
<div align="center">Debtor(s)</div>

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
### WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]*

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor: **/s/ Iona M Brown** _____

Date: **April 27, 2007** _____

EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Certificate Number: 00478-NYS-CC-001709236

# CERTIFICATE OF COUNSELING

I CERTIFY that on April 10, 2007 , at 12:54 o'clock PM EDT .

Anna Brown received from

Springboard Nonprofit Consumer Credit Management, Inc. ,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

Southern District of New York , an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared . If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by telephone .

Date: April 10, 2007            By    /s/Susan M Cusack .

                                Name    Susan M Cusack

                                Title    Operations Manager

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
Code are required to file with the United States Bankruptcy Court a completed certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency. See 11 U.S.C. §§ 109(h) and 521(b).

Official Form 6 - Summary (10/06)

## United States Bankruptcy Court
## Southern District of New York

IN RE:                                                    Case No. _____

**Brown, Iona M** _____    Chapter **7** _____
                          Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 2 | $ 17,545.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 21,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $ 31,784.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 2,826.44 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 2,800.43 |
| TOTAL | | 14 | $ 17,545.00 | $ 52,784.00 | |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SUMMARY OF SCHEDULES

Official Form 6 - Statistical Summary (10/06)

# United States Bankruptcy Court
## Southern District of New York

IN RE:                                                                    Case No. _____

**Brown, Iona M** _____    Chapter **7**_____
<div align="center">Debtor(s)</div>

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $      0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | $      0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $      0.00 |
| Student Loan Obligations (from Schedule F) | $      0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $      0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $      0.00 |
| **TOTAL** | $      0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $    2,826.44 |
| Average Expenses (from Schedule J, Line 18) | $    2,800.43 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $      686.51 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $    9,455.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $      0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $      0.00 |
| 4. Total from Schedule F | | $   31,784.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $   41,239.00 |

STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# EXHIBIT "B" 2 —

**IN RE** Brown, Iona M _____  Case No. _____
_____
Debtor(s)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant , community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint or "C" for Community in the column labeled "HWJC." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **None** | | | | |
| | | | **TOTAL** 0.00 | |

(Report also on Summary of Schedules)

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Brown, Iona M** _____    Case No. _____

Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | furniture | | 4,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | clothes | | 2,000.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(3). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Brown, Iona M** _____ Case No. _____
                                    Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17.  Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) in customer lists or similar compilations provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | | **2005 Nissan Pathfinder 56k mi** | | **11,545.00** |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

<div align="right">

TOTAL    **17,545.00**

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

</div>

_____**0**_____ continuation sheets attached

**SCHEDULE B - PERSONAL PROPERTY**

Official Form 6C  (04/07)
IN RE **Brown, Iona M** _____ Case No. _____
                        Debtor(s)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds $136,875.
(Check one box)
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| furniture | CPLR § 5205(a)(5) | 4,000.00 | 4,000.00 |
| clothes | CPLR § 5205(a)(5) | 2,000.00 | 2,000.00 |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Official Form 6D (10/06)

IN RE **Brown, Iona M** _____  Case No. _____
_____
                     Debtor(s)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **38209121001** <br><br> **Capital One Auto Finance** <br> **3901 N Dallas Parkway** <br> **Plano, TX  75093** | | | **car loan 2005 Nissan Pathfinder** <br><br><br> VALUE $ **11,545.00** | | | | **21,000.00** | **9,455.00** |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |

| | | |
|---|---|---|
| ___**0**___ continuation sheets attached | Subtotal (Total of this page) | $ **21,000.00** $ **9,455.00** |
| | Total (Use only on last page of the completed Schedule D. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ **21,000.00** $ **9,455.00** |

SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

Official Form 6E (04/07)

**IN RE** Brown, Iona M _____    Case No. _____
<div align="center">Debtor(s)</div>

<div align="center">

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

</div>

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column listed "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Totals" on the last sheet of the completed schedule. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____**0**_____ continuation sheets attached

SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 6F (10/06)

IN RE Brown, Iona M _____    Case No. _____
_____
Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **15494840**<br>**Arrow Financial Services**<br>**5996 West Touhy Avenue**<br>**Niles, IL  60714** | | | **bankone** | | | | **1,589.00** |
| ACCOUNT NO. **557009178091**<br>**Capital One**<br>**PO Box 70884**<br>**Charlotte, NC  28272-0884** | | | **various credit card** | | | | **1,814.00** |
| ACCOUNT NO. **1ch68857**<br>**CBE Group**<br>**PO Box 3251**<br>**Milwaukee, WI 53201-3251** | | | | | | | **174.00** |
| ACCOUNT NO. **601100233062**<br>**Discover Card**<br>**PO Box 15251**<br>**Wilmington, DE  19886-5251** | | | **credit card, various** | | | | **2,511.00** |

_____ **3** continuation sheets attached

Subtotal
(Total of this page) $ **6,088.00**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

Official Form 6F (10/06) - Cont.

IN RE Brown, Iona M _____  Case No. _____
                    Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **66062/04** <br> **Eltman, Eltman & Cooper** <br> **140 Broadway, 26th Floor** <br> **New York, NY 10005** | | | erin capital, various | | | | 1,807.00 |
| ACCOUNT NO. **545800401918** <br> **HSBC** <br> **PO Box 17332** <br> **Baltimore, MD 21297** | | | | | | | 2,467.00 |
| ACCOUNT NO. **504662010128** <br> **Jewelry Express** <br> **PO Box 981439** <br> **El Paso, TX 79998** | | | | | | | 1,418.00 |
| ACCOUNT NO. **430065440** <br> **Macy's** <br> **PO Box 183083** <br> **Columbus, OH 43218-3083** | | | | | | | 1,387.00 |
| ACCOUNT NO. **031137/2004** <br> **Mullooly, Jeffrey, Rooney & Flynn** <br> **4 Bridge Street** <br> **Glen Cove, NY 11542** | | | citibank universal card services | | | | 3,928.00 |
| ACCOUNT NO. **1268** <br> **NCO - Marlin** <br> **PO Box 8529** <br> **Philadelphia, PA 19100** | | | ztel communications | | | | 545.00 |
| ACCOUNT NO. **2102885407** <br> **Park Dansan** <br> **113 West 3rd Avenue** <br> **Gastonia, NC 28052** | | | mci communications | | | | 826.00 |

Sheet no. _____**1**_ of _____**3** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **12,378.00**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 6F (10/06) - Cont.

**IN RE** Brown, Iona M _____    Case No. _____
<div align="center">Debtor(s)</div>

<div align="center">

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

</div>

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **115000550** <br><br>**Portfolio Recovery** <br>**120 Corporate Blvd, Suite 1** <br>**Norfolk, VA  23502** | | | | | | | 545.00 |
| ACCOUNT NO. **545800401918** <br><br>**Portfolio Recovery** <br>**120 Corporate Blvd, Suite 1** <br>**Norfolk, VA  23502** | | | | | | | 2,467.00 |
| ACCOUNT NO. **8050051801061985** <br><br>**RJM Acquisitions LLC** <br>**PO Box 18006** <br>**Hauppauge, NY  11788-8806** | | | fiingerhut, various | | | | 355.00 |
| ACCOUNT NO. **831041993** <br><br>**Seventh Avenue** <br>**1112 7th Avenue** <br>**Monroe, WI  53566** | | | | | | | 361.00 |
| ACCOUNT NO. **40846** <br><br>**Shell/Citi** <br>**PO Box 6003** <br>**Hagerstown, MD  21747** | | | | | | | 246.00 |
| ACCOUNT NO. **cg8890907601843** <br><br>**TrueLogic** <br>**PO Bos 4437** <br>**Englewood, CO  80155-4437** | | | arrow financial services | | | | 820.00 |
| ACCOUNT NO. **549113038767** <br><br>**Unifund** <br>**10625 Techwoods Circle** <br>**Cincinnati, OH  45242** | | | citibank | | | | 3,938.00 |

Sheet no. ____**2**____ of ____**3**____ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

<div align="right">

Subtotal
(Total of this page)  $  **8,732.00**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)  $

</div>

**SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS**

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 6F (10/06) - Cont.

IN RE Brown, Iona M _____    Case No. _____
　　　　　　　　　　Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **311-454281-9**<br>**Washington Mutual**<br>**PO Box 1097**<br>**Northridge, CA  91328-1097** | | | overdraft | | | | **3,915.00** |
| ACCOUNT NO. **58167**<br>**WFNNB / NEW YORK & COMPANY**<br>**220 West Schrock Road**<br>**Westerville, OH  43081** | | | | | | | **125.00** |
| ACCOUNT NO. **29307**<br>**WFNNB / NEW YORK & COMPANY**<br>**220 West Schrock Road**<br>**Westerville, OH  43081** | | | | | | | **546.00** |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __3__ of __3__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **4,586.00**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $ **31,784.00**

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Brown, Iona M _____     Case No. _____
                          Debtor(s)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**IN RE** Brown, Iona M _____     Case No. _____

<div align="center">Debtor(s)</div>

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE H - CODEBTORS

Official Form 6I (10/06)

IN RE **Brown, Iona M** _____    Case No. _____
                                                        Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Daughter**<br>**Son**<br>**Daughter**<br>**Son** | AGE(S):<br>**11**<br>**5**<br>**4**<br>**1** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Home Health Aid** | |
| Name of Employer | **Allen Health Care** | |
| How long employed | **3 1/2 Years** | |
| Address of Employer | **64 Gramatan Avenue**<br>**Mount Vernon, NY** | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

|  | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ | **2,464.58** | $ _____ |
| 2. Estimated monthly overtime | $ | _____ | $ _____ |
| **3. SUBTOTAL** | $ | **2,464.58** | $ _____ |
| 4. LESS PAYROLL DEDUCTIONS | | | |
|    a. Payroll taxes and Social Security | $ | **463.41** | $ _____ |
|    b. Insurance | $ | **2.60** | $ _____ |
|    c. Union dues | $ | **25.70** | $ _____ |
|    d. Other (specify)  **Garnishment** | $ | **246.44** | $ _____ |
|   | $ | _____ | $ _____ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | **738.15** | $ _____ |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ | **1,726.43** | $ _____ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | _____ | $ _____ |
| 8. Income from real property | $ | _____ | $ _____ |
| 9. Interest and dividends | $ | _____ | $ _____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **400.00** | $ _____ |
| 11. Social Security or other government assistance | | | |
|    (Specify) _____ | $ | _____ | $ _____ |
|   | $ | _____ | $ _____ |
| 12. Pension or retirement income | $ | _____ | $ _____ |
| 13. Other monthly income | | | |
|    (Specify) **Spouse** | $ | **700.00** | $ _____ |
|   | $ | _____ | $ _____ |
|   | $ | _____ | $ _____ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ | **1,100.00** | $ _____ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ | **2,826.43** | $ _____ |

**16. COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)

| | |
|---|---|
| $ | **2,826.43** |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 6J (10/06)

IN RE Brown, Iona M _____    Case No. _____
                    Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 958.00 |
|    a. Are real estate taxes included?   Yes ____ No ✓ | |
|    b. Is property insurance included?   Yes ____ No ✓ | |
| 2. Utilities: | |
|    a. Electricity and heating fuel | $ 155.00 |
|    b. Water and sewer | $ |
|    c. Telephone | $ 130.00 |
|    d. Other _____ | $ |
| | $ |
| 3. Home maintenance (repairs and upkeep) | $ |
| 4. Food | $ 100.00 |
| 5. Clothing | $ 130.00 |
| 6. Laundry and dry cleaning | $ 50.00 |
| 7. Medical and dental expenses | $ |
| 8. Transportation (not including car payments) | $ 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 150.00 |
| 10. Charitable contributions | $ 25.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|    a. Homeowner's or renter's | $ |
|    b. Life | $ |
|    c. Health | $ |
|    d. Auto | $ 258.00 |
|    e. Other _____ | $ |
| | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|    (Specify) _____ | $ |
| | $ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|    a. Auto | $ 544.43 |
|    b. Other _____ | $ |
| | $ |
| 14. Alimony, maintenance, and support paid to others | $ |
| 15. Payments for support of additional dependents not living at your home | $ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
| 17. Other _____ | $ |
| | $ |
| | $ |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data. | $ 2,800.43 |

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | |
|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ 2,826.44 |
|    b. Average monthly expenses from Line 18 above | $ 2,800.43 |
|    c. Monthly net income (a. minus b.) | $ 26.01 |

SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 6 - Declaration (10/06)

**IN RE** Brown, Iona M _____    Case No. _____

<div align="center">Debtor(s)</div>

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**16** sheets (*total shown on summary page plus 2*), and that they are true and correct to the best of my knowledge, information, and belief.


Date: **April 27, 2007**_____    Signature: */s/ Iona M Brown*_____

<div align="right">Debtor</div>

Iona M Brown

Date: _____    Signature: _____

<div align="right">(Joint Debtor, if any)</div>

<div align="right">[If joint case, both spouses must sign.]</div>

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer    Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
_____
Address

_____    _____
Signature of Bankruptcy Petition Preparer    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.


Date: _____    Signature: _____

_____
<div align="right">(Print or type name of individual signing on behalf of debtor)</div>

<div align="center">[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]</div>

**Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.**

DECLARATION CONCERNING DEBTOR'S SCHEDULES

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 7  (04/07)

**United States Bankruptcy Court**
**Southern District of New York**

IN RE:                                                              Case No. _____

**Brown, Iona M** _____    Chapter **7** _____
_____
                        Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, name, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

---

**1. Income from employment or operation of business**

None

☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT  SOURCE
4,162.00  2006 - $15442.00
              2005 - $34950.00

---

**2. Income other than from employment or operation of business**

None

☑ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**3. Payments to creditors**
*Complete a. or b., as appropriate, and c.*

None

☑ a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Richard A. Roberts, Esq. 105 Stevens Avenue Mount Vernon, NY 10550 | | 1,200.00 |
| Springboard Nonprofit Consumer Credit Mg credit counseling certificate | | 55.00 |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

STATEMENT OF FINANCIAL AFFAIRS

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

STATEMENT OF FINANCIAL AFFAIRS

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☑ a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

---

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **April 27, 2007**　　　　　　Signature　*/s/ Iona M Brown*
　　　　　　　　　　　　　　　　　of Debtor　　　　　　　　　　　　　　　　　　　　　**Iona M Brown**

Date: _____　　Signature _____
　　　　　　　　　　　　　　　　　of Joint Debtor
　　　　　　　　　　　　　　　　　(if any)

　　　　　　　　　　　　　　　**0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Southern District of New York**

IN RE:                                                    Case No. _____

**Brown, Iona M** _____    Chapter **7** _____
                        Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☑ I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.
☐ I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.
☑ I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| **2005 Nissan Pathfinder 56k mi** | **Capital One Auto Finance** | | | | ✓ |

| Description of Leased Property | Lessor's Name | | | | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|---|---|---|
| | | | | | |

| **04/27/2007** | **/s/ Iona M Brown** | | |
|---|---|---|---|
| Date | **Iona M Brown** | Debtor | Joint Debtor (if applicable) |

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer    Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
Address

_____    _____
Signature of Bankruptcy Petition Preparer    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Southern District of New York**

IN RE:                                                                    Case No. _____

<u>Brown, Iona M</u> _____ Chapter <u>7</u> _____
                                    Debtor(s)

### VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.


Date: <u>**April 27, 2007**</u> _____     Signature: <u>*/s/ Iona M Brown*</u> _____
                                                **Iona M Brown**
                                                                                        Debtor


Date: _____     Signature: _____
                                                                                    Joint Debtor, if any

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

VERIFICATION OF CREDITOR MATRIX

Arrow Financial Services
5996 West Touhy Avenue
Niles, IL  60714

Capital One
PO Box 70884
Charlotte, NC  28272-0884

Capital One Auto Finance
3901 N Dallas Parkway
Plano, TX  75093

CBE Group
PO Box 3251
Milwaukee, WI  53201-3251

Discover Card
PO Box 15251
Wilmington, DE  19886-5251

Eltman, Eltman & Cooper
140 Broadway, 26th Floor
New York, NY  10005

HSBC
PO Box 17332
Baltimore, MD  21297

Jewelry Express
PO Box 981439
El Paso, TX  79998

Macy's
PO Box 183083
Columbus, OH  43218-3083

Mullooly, Jeffrey, Rooney & Flynn
4 Bridge Street
Glen Cove, NY  11542


NCO - Marlin
PO Box 8529
Philadelphia, PA  19100


Park Dansan
113 West 3rd Avenue
Gastonia, NC  28052


Portfolio Recovery
120 Corporate Blvd, Suite 1
Norfolk, VA  23502


RJM Acquisitions LLC
PO Box 18006
Hauppauge, NY  11788-8806


Seventh Avenue
1112 7th Avenue
Monroe, WI  53566


Shell/Citi
PO Box 6003
Hagerstown, MD  21747


TrueLogic
PO Bos 4437
Englewood, CO  80155-4437


Unifund
10625 Techwoods Circle
Cincinnati, OH  45242

```
Washington Mutual
PO Box 1097
Northridge, CA  91328-1097


WFNNB / NEW YORK & COMPANY
220 West Schrock Road
Westerville, OH  43081
```

**United States Bankruptcy Court**
**Southern District of New York**

IN RE:                                                                      Case No. _____

Brown, Iona M _____ Chapter 7 _____

<center>Debtor(s)</center>

## CERTIFICATE OF COMMENCEMENT OF CASE

I certify that on _____,

☑        the above named debtor filed a petition requesting relief under chapter ___7 of the Bankruptcy Code
         (title 11 of the United States Code), or

☐        a petition was filed against the above named debtor under chapter ____ of the Bankruptcy Code (title
         11 of the United States Code), and

☑        that as of the date below the case has not been dismissed.


_____
Clerk of the Bankruptcy Court


Dated: _____        By: _____
                                       Deputy Clerk

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
### One Bowling Green
### New York, NY 10004−1408

| | |
|---|---|
| IN RE: Iona M Brown | CASE NO.: 07−11230−alg |
| aka   Iona M Simpson | |
| Social Security/Taxpayer ID/Employer ID/Other Nos.: | CHAPTER:  7 |
| xxx−xx−4638 | |

## ORDER OF FINAL DECREE

The estate of the above named debtor has been fully administered.

IT IS ORDERED THAT:

Ian J. Gazes is discharged as trustee of the estate and the chapter 7 case of the above named debtor(s) is closed.

Dated: January 11, 2008

Allan L. Gropper, Bankruptcy Judge