UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IONA BROWN,

                                          Plaintiff,

                     -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,,

                                      Defendants.
-----------------------------------------------------------------x

Index No. 13120/07

AFFIRMATION IN OPPOSITION

**LONNY LEVITZ, ESQ.**, an attorney duly licensed to practice law in the State of New York, hereby affirms under the penalty of perjury:

1. I am a member of the firm of KUHARSKI, LEVITZ & GIOVINAZZO, ESQS. attorneys for the plaintiff, and as such, am fully familiar with all the pleadings and proceedings heretofore had herein.

2. This Affirmation is submitted in Opposition to Defendants' Motion to dismiss this action.

3. The facts outlined in defendants' motion to dismiss are essentially correct and are not disputed for purposes of this motion.

4. At plaintiff's deposition your affirmant first learned that plaintiff had filed for bankruptcy. She had filled for bankruptcy after her accident had occurred and prior to suit being filed. Upon learning that the plaintiff had filed for Bankruptcy your affirmant contacted plaintiff bankruptcy attorney and the trustee for the bankruptcy. I confirmed that plaintiff law suit or cause of action was not included on her bankruptcy petition.

5. The trustee for plaintiff's bankruptcy was Ian Gazes, Esq. A member of the law firm of Gazes LLC, 32 Avenue of the Americas, New York, NY 10013. After leaving several messages for Mr. Gazes I was contacted by John Oliva from Mr. Gazes' office. I explained the

circumstances to Mr. Oliva. He told me that he would speak with Mr. Gazes and get back to me.

6. Mr. Oliva called me back and informed me that Mr. Gazes will be making a motion to reopen Iona Brown's bankruptcy. Upon reopening the bankruptcy he intends to move to have your affirmant's law firm hired to represent the creditors interest in this Iona Brown's law suit, and have my office make a motion to this Court to Amend the Caption so that this matter can properly proceed. Mr. Oliva requested that I inform the Court of these facts and that Mr. Gazes has requested that this Court either deny the defendants' motion in its entirety or adjourn the motion until the bankruptcy is reopened and your affirmant can make a motion to amend the law suit so that it can properly proceed.

7. Movant correctly points out that the rights to this lawsuit are at least partially that of the bankruptcy estate. Therefore the bankruptcy trustee does have the full right, duty and obligation to become involved in this action and should be allowed to due so.

8. Furthermore; it must also be pointed out this accident occurred in December of 2006, therefore the Statute of Limitation for bringing an actions will not expire until December 2009. Therefore even if the Court did dismiss the action act this time as a result of Ms. Brown's lack of capacity to bring suit, the dismissal would not be on the merits and the trustee would still be able to file the same law suit as he will have the capacity to do so. Therefore dismissal of this action at this time for the reasons requested by the movant would simply lead to a waste of judicial resources and is unwarranted.

2

3

**WHEREFORE**, it is respectfully requested that the Court deny Defendants' Motion to dismiss, and allow the trustee time to reopen Ms. Brown's Bankruptcy case so that this matter may properly proceed, and for such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
          August 19, 2008

_____
LONNY LEVITZ

## AFFIRMATION OF SERVICE

STATE OF NEW YORK :
                            ss.:
COUNTY OF NEW YORK:

**Lonny Levitz**, an attorney duly admitted to practice law in the State of New York affirms the truth of the following under penalty of perjury:

I am not a party to the action, am over the age of eighteen (18) years and reside in New York County, New York, New York. On August 19, 2008, I served the within

## AFFIRMATION IN OPPOSITION

by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Law Offices of Harvey & Vandamme
Mark A. Solomon
90 Broad Steet, Suite 2202
New York, NY  10004
646-428-2650

Gazes LLC
Ian Gazes
32 Avenue of the Americas
New York, NY  10013

DATED:    NEW YORK,NY
          AUGUST 19, 2008

_____
LONNY LEVITZ, ESQ.
KUHARSKI , LEVITZ & GIOVINAZZO, ESQ
7 Dey Street, 14th Floor
New York, NY  10007
(212)228-1331

Index No.13120/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IONA BROWN,

                        Plaintiff,

    -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,,

                    Defendants.

---

AFFIRMATION IN OPPOSITION

---

KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
Attorneys for Plaintiffs
7 Dey Street
14$^h$ floor
New York, New York 10007
212-228-1331

---

TO:   Law Offices of Patrick J. Maloney
      Attorneys for the Defendants
      90 Broad Street, Suite 2202
      New York, NY  10004
      (646) 428-2650

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IONA BROWN,

           Plaintiff,

   -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,,

           Defendants.
-----------------------------------------------------------------x

Index No. 13120/07

AFFIRMATION IN OPPOSITION

  **LONNY LEVITZ, ESQ.,** an attorney duly licensed to practice law in the State of New York, hereby affirms under the penalty of perjury:

  1. I am a member of the firm of KUHARSKI, LEVITZ & GIOVINAZZO, ESQS. attorneys for the plaintiff, and as such, am fully familiar with all the pleadings and proceedings heretofore had herein.

  2. This Affirmation is submitted in Opposition to Defendants' Motion to dismiss this action.

  3. The facts outlined in defendants' motion to dismiss are essentially correct and are not disputed for purposes of this motion.

  4. At plaintiff's deposition your affirmant first learned that plaintiff had filed for bankruptcy. She had filled for bankruptcy after her accident had occurred and prior to suit being filed. Upon learning that the plaintiff had filed for Bankruptcy your affirmant contacted plaintiff bankruptcy attorney and the trustee for the bankruptcy. I confirmed that plaintiff law suit or cause of action was not included on her bankruptcy petition.

  5. The trustee for plaintiff's bankruptcy was Ian Gazes, Esq. A member of the law firm of Gazes LLC, 32 Avenue of the Americas, New York, NY 10013. After leaving several messages for Mr. Gazes I was contacted by John Oliva from Mr. Gazes' office. I explained the

circumstances to Mr. Oliva. He told me that he would speak with Mr. Gazes and get back to me.

6. Mr. Oliva called me back and informed me that Mr. Gazes will be making a motion to reopen Iona Brown's bankruptcy. Upon reopening the bankruptcy he intends to move to have your affirmant's law firm hired to represent the creditors interest in this Iona Brown's law suit, and have my office make a motion to this Court to Amend the Caption so that this matter can properly proceed. Mr. Oliva requested that I inform the Court of these facts and that Mr. Gazes has requested that this Court either deny the defendants' motion in its entirety or adjourn the motion until the bankruptcy is reopened and your affirmant can make a motion to amend the law suit so that it can properly proceed.

7. Movant correctly points out that the rights to this lawsuit are at least partially that of the bankruptcy estate. Therefore the bankruptcy trustee does have the full right, duty and obligation to become involved in this action and should be allowed to due so.

8. Furthermore; it must also be pointed out this accident occurred in December of 2006, therefore the Statute of Limitation for bringing an actions will not expire until December 2009. Therefore even if the Court did dismiss the action act this time as a result of Ms. Brown's lack of capacity to bring suit, the dismissal would not be on the merits and the trustee would still be able to file the same law suit as he will have the capacity to do so. Therefore dismissal of this action at this time for the reasons requested by the movant would simply lead to a waste of judicial resources and is unwarranted.

2

**WHEREFORE**, it is respectfully requested that the Court deny Defendants' Motion to dismiss, and allow the trustee time to reopen Ms. Brown's Bankruptcy case so that this matter may properly proceed, and for such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
          August 19, 2008

_____
LONNY LEVITZ

## AFFIRMATION OF SERVICE

STATE OF NEW YORK :
                    ss.:
COUNTY OF NEW YORK:

**Lonny Levitz**, an attorney duly admitted to practice law in the State of New York affirms the truth of the following under penalty of perjury:

I am not a party to the action, am over the age of eighteen (18) years and reside in New York County, New York, New York. On August 19, 2008, I served the within

## AFFIRMATION IN OPPOSITION

by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Law Offices of Harvey & Vandamme
Mark A. Solomon
90 Broad Steet, Suite 2202
New York, NY  10004
646-428-2650

Gazes LLC
Ian Gazes
32 Avenue of the Americas
New York, NY  10013

DATED:     NEW YORK,NY
           AUGUST 19, 2008

_____
LONNY LEVITZ, ESQ.
KUHARSKI , LEVITZ & GIOVINAZZO, ESQ
7 Dey Street, 14th Floor
New York, NY  10007
(212)228-1331

Index No.13120/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

IONA BROWN,

                              Plaintiff,

    -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,,

                              Defendants.
_____

                      AFFIRMATION IN OPPOSITION

_____

          KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
              Attorneys for Plaintiffs
                    7 Dey Street
                    14$^h$ floor
             New York, New York 10007
                 212-228-1331

_____

TO:  Law Offices of Patrick J. Maloney
     Attorneys for the Defendants
     90 Broad Street, Suite 2202
     New York, NY  10004
     (646) 428-2650