

**KUHARSKI**
**LEVITZ**
**GIOVINAZZO**
ATTORNEYS AT LAW

MICHAEL J. KUHARSKI
LONNY R. LEVITZ
——————————————
CHRISTOPHER L. STANLEY

Of Counsel
LISA E. GIOVINAZZO
BRUCE LEVITZ
DAVID G. IRONMAN

Monday, August 25, 2008

Hon. Miriam Goldman Cedarbaum
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1330
New York, NY 10007

**RE: Brown, Iona v Aracena-Nunez, Jorge**
**D/A: 12/21/2006**
**1:08-cv-00026**

Dear Sirs:

As the Court is aware the defendant currently has a motion pending to dismiss plaintiff's case due to plaintiff having not declared this accident in her bankruptcy proceedings. In my opposition to the motion I had requested that the Court either reject the motion in the entirety or adjourn the motion because the bankruptcy trustee would be filing a motion to reopen the bankruptcy proceeding and the trustee wanted to proceed with the law suit. The Trustee, Ian Gazes, Esq. has now filed said motion and the listed hearing date for the motion is September 23, 2008. Annexed hereto is a copy of the motion.

**WHEREFORE**, it is respectfully requested again that the Court deny Defendants' Motion to dismiss, or adjourn the motion to and allow the trustee time to reopen Ms. Brown's Bankruptcy case so that this matter may properly proceed. I thank you for your anticipated cooperation.

KUHARSKI, LEVITZ & GIOVINAZZO, ESQS.

BY:    LONNY LEVITZ

cc:    Mark A. Solomon
Law Offices of Harvey & Vandamme
90 Broad Steet, Suite 2202
New York, NY   10004

Main Office
7 DEY STREET
14TH FLOOR
NEW YORK, NY 10007
PHONE: 212.228.1331
FAX: 212.406.1331

www.klawnyc.com
consult@klawnyc.com

Staten Island Office
521 FOREST AVENUE
STATEN ISLAND, NY 10310
PHONE: 718.448.1600



**KUHARSKI**
**LEVITZ**
**GIOVINAZZO**
ATTORNEYS AT LAW

MICHAEL J. KUHARSKI
LONNY R. LEVITZ
_____
CHRISTOPHER L. STANLEY

Of Counsel
LISA E. GIOVINAZZO
BRUCE LEVITZ
DAVID G. IRONMAN

Monday, August 25, 2008

Hon. Miriam Goldman Cedarbaum
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1330
New York, NY 10007

> **RE: Brown, Iona v Aracena-Nunez, Jorge**
> **D/A: 12/21/2006**
> **1:08-cv-00026**

Dear Sirs:

As the Court is aware the defendant currently has a motion pending to dismiss plaintiff's case due to plaintiff having not declared this accident in her bankruptcy proceedings. In my opposition to the motion I had requested that the Court either reject the motion in the entirety or adjourn the motion because the bankruptcy trustee would be filing a motion to reopen the bankruptcy proceeding and the trustee wanted to proceed with the law suit. The Trustee, Ian Gazes, Esq. has now filed said motion and the listed hearing date for the motion is September 23, 2008. Annexed hereto is a copy of the motion.

**WHEREFORE**, it is respectfully requested again that the Court deny Defendants' Motion to dismiss, or adjourn the motion to and allow the trustee time to reopen Ms. Brown's Bankruptcy case so that this matter may properly proceed. I thank you for your anticipated cooperation.

KUHARSKI, LEVITZ & GIOVINAZZO, ESQS.

BY:    LONNY LEVITZ

cc:    Mark A. Solomon
Law Offices of Harvey & Vandamme
90 Broad Steet, Suite 2202
New York, NY   10004

Main Office
7 DEY STREET
14TH FLOOR
NEW YORK, NY 10007
PHONE: 212.228.1331
FAX: 212.406.1331

www.klawnyc.com
consult@klawnyc.com

Staten Island Office
521 FOREST AVENUE
STATEN ISLAND, NY 10310
PHONE: 718.448.1600



Gazes LLC
**Attorneys for Ian J. Gazes, Chapter 7 Trustee**
**32 Avenue of the Americas, 27th Floor**
**New York, New York 10013**                    **Hearing Date: September 23, 2008,**
**(212) 765-9000**                                        **at 10:00 am**
**Ian J. Gazes (IJG 7564)**                        **Objections Due:September 19, 2008,**
                                                                    **at 4:30 p.m.**


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
In re:

                                                                    Chapter 7

     IONA M. BROWN,

                                                                    Case No. 07-11230 (ALG)


                                          Debtor.
----------------------------------------------------x

**NOTICE OF MOTION OF FORMER CHAPTER 7 TRUSTEE FOR ENTRY OF**
**AN ORDER REOPENING CHAPTER 7 CASE AND**
**AUTHORIZING THE OFFICE OF THE UNITED STATES TRUSTEE**
**TO APPOINT A CHAPTER 7 TRUSTEE**

     PLEASE TAKE NOTICE, that upon the Motion (the "Motion") of Ian J. Gazes,

as the former trustee (the "Trustee") in the chapter 7 case of Iona M. Brown (the

"Debtor"), dated August 21, 2008, for entry of an order pursuant to 11 U.S.C. § 350(b),

Fed. R. Bankr. P. 5010, and Local Bankruptcy Rule 5010-1 reopening the chapter 7 case

of the Debtor and authorizing the Office of the United States Trustee to appoint a chapter

7 trustee, a hearing will be held before the Honorable Allan L. Gropper, United States

Bankruptcy Judge for the Southern District of New York, at the United States Bankruptcy

Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York

10004-1408 at 9:45 am, on September 23, 2008 (the "Hearing") or as soon thereafter as

counsel may be heard.

PLEASE TAKE FURTHER NOTICE, that responses to the Motion, if any, must: (i) be made in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; (iii) set forth the basis for the response and state with specificity the reason or reasons why the relief requested in the Motion should not be granted; and (iv) be (a) electronically filed with the Bankruptcy Court at www.nysb.uscourts.gov by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, by submitting to the Clerk of the Bankruptcy Court at The United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 the response on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, WordPerfect, or any other Windows-based word processing format, and served in accordance with General Order M-242, with a paper copy delivered directly to the Chambers of the Honorable Allan L. Gropper, United States Bankruptcy Judge for the Southern District of New York, together with proof of service thereof, and (b) served upon counsel for (i) the Trustee, Gazes LLC, 32 Avenue of the Americas, New York, New York 10013, Attn: Ian J. Gazes, Esq.; and (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Nazar Khodorovsky, Esq., so as to be received not later than 4:30 p.m. on September 19, 2008. Only those responses that are made in writing, and timely filed and received will be considered at the Hearing.

PLEASE TAKE FURTHER NOTICE, that the Hearing may be adjourned from time to time without further notice, and all parties who file an objection as provided in this Notice must appear thereat or the objection may not be considered by the Bankruptcy Court.

Dated: New York, New York
       August 21, 2008

GAZES LLC

_/s/ Ian J. Gazes_
Ian J. Gazes (IG 7564)
32 Avenue of the Americas, 27th Floor
New York, New York 10013
(212) 765-9000

*Attorneys for the former Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

|  |  |
|---|---|
|  | Chapter 7 |
| IONA M. BROWN |  |
|  | Case No. 07-11230 (alg) |
| Debtors. |  |

------------------------------------------------------x

## MOTION OF FORMER CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER REOPENING CHAPTER 7 CASE AND AUTHORIZING THE OFFICE OF THE UNITED STATES TRUSTEE TO APPOINT A CHAPTER 7 TRUSTEE

TO:   THE HONORABLE ALLAN L. GROPPER
       UNITED STATES BANKRUPTCY JUDGE

Ian J. Gazes (the "Trustee"), the former chapter 7 Trustee in the bankruptcy case

of Iona M. Brown (the "Debtor"), submits this Motion (the "Motion") for entry of an order

reopening the above-captioned chapter 7 case and authorizing the Office of the United

States Trustee to appoint a chapter 7 Trustee in this case, and respectfully represents as

follows:

### I.  JURISDICTION, VENUE, AND STATUTORY PREDICATES FOR RELIEF

1.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(a)

and the Order of Reference dated August 28, 1986, of the United States District Court for

the Eastern District of New York (Weinstein, C.J.).  The subject matter of the Motion is a

core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).  Venue of this case and this

Motion are proper in this district pursuant to 28 U.S.C. § 1408.  The statutory provisions

governing the relief requested in this Motion are 11 U.S.C. § 350(b) and Fed. R. Bankr.

P. 5010.

## II. BACKGROUND

2.      On April 27, 2007 (the "Petition Date"), the Debtor filed a voluntary

petition for relief under chapter 7 of the Bankruptcy Code (the "Petition") including the

required schedules (collectively the "Schedules", each individually, a "Schedule") and

statement of financial, a copies of which are annexed hereto as Exhibit "B".

3.      The Office of the United States Trustee appointed the Trustee to serve as

interim trustee in the case.  The Trustee was duly qualified and served as permanent

trustee pursuant to 11 U.S.C. § 702(d).

4.      On Schedule "A", the Debtor listed (a) furniture, (b) clothes, and (c) 2005

Nissan Pathfinder.  The Debtor, however, did not list on Schedule B a potential personal

injury claim against J.J.J. Delivery LLC, River Street Idea Lease and Jorge Aracena-

Nunez resulting from an automobile accident which occurred pre-petition on December

21, 2006.  (the "Personal Injury Claim") of unknown value.

7.      On June 12, 2007, the Trustee examined the Debtor at the initial meeting

of creditors required under 11 U.S.C. § 341(a) (the "341(a) Meeting").  To the best of the

Trustee's recollection, the Debtor testified that she did not have any other assets than

those listed on the Schedules and did not disclose the existence of any additional personal

injury claims.

8.      On January 10, 2008, the Trustee certified under Fed. R. Bankr. P. 5009

that the bankruptcy estate has been fully administered and that he had neither received

nor distributed any non-exempt property.

11.     On January 13, 2008, the Court entered an Order of Final Decree and

subsequently closed the Debtor's bankruptcy case on January 14, 2008.

12.     In August of 2008, Kuharski, Levitz, Giovinazzo ("KLG") informed the Trustee that it had been retained by the Debtor in 2007 to prosecute a personal injury action arising out of the Personal Injury.  KLG had commenced an action, entitled *Iona Brown v. J.J.J. Delivery LLC, River Street Idea Lease and Jorge Aracena-Nunez*.  This action was originally commenced in the New York State Supreme Court, County of Bronx and was assigned index number 303710/07 and was subsequently removed to the United States District Court for the Southern District of New York and has been assigned docket number 08-cv-0026 (the "Action").  The complaint in the action seeks damages in the amount of $2,000,000.00.  Copies of the Summons and Verified Complaint are annexed hereto as Exhibit "C." KLG informed the Trustee that they only recently became aware of the Debtor's bankruptcy filing at the Debtor's recent deposition in the Action and that Defendants' have moved to dismiss the Action on the basis that the Debtor lacked the capacity to bring the Action as the Action was property of her bankruptcy estate.

13.     Because the Personal Injury Claim was not listed on the Schedules, the Trustee believes that the Personal Injury Claim retains its status as "property of the estate" pursuant to 11 U.S.C. § 554.

### III.  RELIEF SOUGHT

**Reopen Case and Appoint Chapter 7 Trustee**

14.     Pursuant to 11 U.S.C. § 350(b), a case may be reopened for cause.  The section provides as follows:

> A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the Debtor, or for other cause.

3

15.    Fed. R. Bankr. P. 5010 provides in pertinent part:

A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12 or 13 case, a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

16.    The term "cause" is not defined in the Bankruptcy Code or the Bankruptcy Rules. Courts have held that a bankruptcy court retains broad discretion to reopen a case. 3 Collier on Bankruptcy, 350.03 (15th ed. Rev. 2003); *see also In re Chalasani,* 92 F.3d 1300, 1308 (2d Cir. 1996) (ruling the decision to reopen a case is discretionary with the Court, and dependent on the facts and circumstances of each case).

17.    Upon examination of the Debtor at the § 341(a) Meeting, she failed to disclose to the Trustee the existence of the Personal Injury Claim.

18.    At no time subsequent to the § 341(a) Meeting did the Debtor notify the Trustee about the Personal Injury Claim.

19.    The Debtor's failure to list the Personal Injury Claim on the Debtor's Schedules prejudiced the Debtor's creditors and prevented the Trustee from administering the asset. The Trustee respectfully submits that the need to administer this asset constitutes cause to reopen the Debtor's case.

20.    As a result of the Debtor's failure to list Personal Injury Claim on the Debtor's Schedules, the Personal Injury Claim retains its status as "property of the estate" after the closing of the case. 11 U.S.C. § 554; *see also In re Wolfgang M. Menk,* 241 B.R. 896, (9th Cir. B.A.P. 1999); *In re Lina Haralambous,* 257 B.R. 697 (Bankr. D. Conn. 2001) (the debtor's interest in real property that was not scheduled prior to closing remains property of the estate).

21.     Furthermore, there is exclusive federal jurisdiction over all property of the bankruptcy estate and over all property of the Debtor as of the time of the filing of the bankruptcy case.  28 U.S.C. § 1334(e); *see also In re Wolfgang M. Menk*, 241 B.R. at 908.  Because the Debtor did not disclose the existence of the Personal Injury Claim, a trustee should be appointed to protect the interests of creditors.

22.     By reason thereof, the Trustee respectfully submits that the Personal Injury Claim is property of the Debtor's estate and that cause exists to reopen the Debtor's case and for the appointment of a trustee to protect the interests of the Debtor's creditors.

## IV. <u>NOTICE</u>

23.     The Trustee has served (a) a copy of the Notice of Motion, and Motion upon (i) the Office of the United States Trustee, (ii) the attorney who filed the Debtor's bankruptcy petition, (iii) the attorneys for the Debtor in the Action, (iv) the Debtor at the address listed on her Petition, and (b) a copy of the Notice of Motion only to all creditors as scheduled on the Debtor's Schedule F and/or who filed a proof of claim..

24.     Because the Motion does not present a novel issue of law and discusses the statutory and other authorities that permit the relief requested, the Trustee requests that this Court waive and dispense with the requirement in Local Bankruptcy Rule 9013-1(b) that any motion filed shall have an accompanying memorandum of law.

**WHEREFORE,** for all the reasons stated herein, the Trustee respectfully requests that the Court enter the order annexed hereto as Exhibit "A" reopening the chapter 7 case and authorizing the Office of the United States Trustee to appoint a chapter 7 Trustee and grant such other and further relief as is just and proper.

Dated:  New York, New York
        August 21, 2008

                            GAZES LLC
                            The Former Chapter 7 Trustee of
                            the estate of Iona M. Brown


                    By: /s/ Ian J. Gazes
                        Ian J. Gazes (IG-7564)
                        32 Avenue of the Americas, 27th Floor
                        New York, NY 10013
                        (212) 765-9000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

      IONA M. BROWN,                                Chapter 7
                                                      Case No. 08-11230 (ALG)

                        Debtor.
--------------------------------------------------------x

## ORDER REOPENING CHAPTER 7 CASE AND
## AUTHORIZING THE OFFICE OF THE UNITED STATES TRUSTEE
## TO APPOINT A CHAPTER 7 TRUSTEE

      Upon the annexed motion (the "Motion") of Ian J. Gazes (the "Trustee"), the former

Chapter 7 trustee in the bankruptcy case of Iona M. Brown (the "Debtor") dated August   , 2008

for entry of an order reopening the above-captioned chapter 7 case (the "Debtor's Bankruptcy

Case") and authorizing the Office of the United States Trustee to appoint a chapter 7 Trustee in this

case; and a hearing having been held on September 23, 2008; upon the record taken thereat and

after due consideration of the Motion; and it appearing that the relief requested in the Motion is

in the best interest of the Debtor's estate and its creditors; and sufficient notice of the Motion

having been given appearing therefore; and due deliberation thereof, it is

      ORDERED, that the Debtor's Bankruptcy Case, which was previously closed by the

Court on January 14, 2008, is hereby reopened; and it is further

      ORDERED, that the Office of the United States Trustee is hereby authorized to appoint a

chapter 7 Trustee in the Debtor's Bankruptcy Case; and it is further

**[CONTINUED ON NEXT PAGE]**

ORDERED, that the requirement in Local Bankruptcy Rule 9013-1(b) that any motion

filed shall have an accompanying memorandum of law is hereby waived and dispensed with.

Dated: New York, New York
       September __, 2008

_____
THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE

Official Form 6 - Summary (10/06)

# United States Bankruptcy Court
## Southern District of New York

IN RE:                                                         Case No. _____

Brown, Iona M                                                 Chapter **7** _____

                    Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 2 | $ 17,545.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 21,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $ 31,784.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 2,826.44 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 2,800.43 |
| | TOTAL | 14 | $ 17,545.00 | $ 52,784.00 | |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SUMMARY OF SCHEDULES

Official Form 6 - Statistical Summary (10/06)

## United States Bankruptcy Court
## Southern District of New York

IN RE:                                                    Case No. _____

Brown, Iona M                                            Chapter **7** _____
_____
Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount | |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| **TOTAL** | $ | 0.00 |

State the following:

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | 2,826.44 |
| Average Expenses (from Schedule J, Line 18) | $ | 2,800.43 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | 686.51 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 9,455.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 31,784.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 41,239.00 |

IN RE Brown, Iona M

_____    Case No. _____
Debtor(s)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant , community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint or "C" for Community in the column labeled "HWJC." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | | TOTAL | 0.00 |

(Report also on Summary of Schedules)

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Brown, Iona M _____    Case No. _____
_____
                    Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HWJC | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | furniture | | 4,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | clothes | | 2,000.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |

SCHEDULE B - PERSONAL PROPERTY

IN RE Brown, Iona M _____    Case No. _____
                                    Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) in customer lists or similar compilations provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2005 Nissan Pathfinder 56k mi | | 11 545.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

TOTAL _____ ___5.00

(Include amounts from any continu ___ _____ attached.
Report total also on Sum ___ ___ dules.)

_____ 0 continuation sheets attached

SCHEDULE B - PERSONAL PROPERTY

Official Form 6C  (04/07)

IN RE Brown, Iona M _____     Case No. _____
Debtor(s)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds $136,875.
(Check one box)
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| furniture | CPLR § 5205(a)(5) | 4,000.00 | 4,000.00 |
| clothes | CPLR § 5205(a)(5) | 2,000.00 | 2,000.00 |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Official Form 6D (10/06)

IN RE Brown, Iona M _____    Case No. _____
                    Debtor(s)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 38209121001 <br><br> **Capital One Auto Finance** <br> **3901 N Dallas Parkway** <br> **Plano, TX 75093** | | | **car loan 2005 Nissan Pathfinder** <br><br><br> VALUE $ **11,545.00** | | | | 21,000.00 | 9,455.00 |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |
| **0** continuation sheets attached | | | Subtotal <br> (Total of this page) | | | $ | 21,000.00 | $ 9,455.00 |
| | | | Total <br> (Use only on last page of the completed Schedule D. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | $ | 21,000.00 | 9,455.00 |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

Official Form 6E (04/07)

IN RE Brown, Iona M _____    Case No. _____
         Debtor(s)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on the Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
  Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
  Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
  Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
  Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
  Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
  Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

0 continuation sheets attached

Official Form 6F (10/06)

IN RE Brown, Iona M _____    Case No. _____
                      Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **15494840**<br><br>**Arrow Financial Services**<br>**5996 West Touhy Avenue**<br>**Niles, IL   60714** | | | bankone | | | | **1,589.00** |
| ACCOUNT NO. **557009178091**<br><br>**Capital One**<br>**PO Box 70884**<br>**Charlotte, NC   28272-0884** | | | various credit card | | | | **1,814.00** |
| ACCOUNT NO. **1ch68857**<br><br>**CBE Group**<br>**PO Box 3251**<br>**Milwaukee, WI   53201-3251** | | | | | | | **174.00** |
| ACCOUNT NO. **601100233062**<br><br>**Discover Card**<br>**PO Box 15251**<br>**Wilmington, DE   19886-5251** | | | credit card, various | | | | **2,511.00** |

**3** continuation sheets attached

Subtotal
(Total of this page)    $ **6,088.00**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)    $

© 1993-2007 EZ-filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 6F (10/06) - Cont.

IN RE Brown, Iona M                                        Case No. _____
                          Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **66062/04** <br> Eltman, Eltman & Cooper <br> 140 Broadway, 26th Floor <br> New York, NY 10005 | | | erin capital, various | | | | 1,807.00 |
| ACCOUNT NO. **545800401918** <br> HSBC <br> PO Box 17332 <br> Baltimore, MD 21297 | | | | | | | 2,467.00 |
| ACCOUNT NO. **504662010128** <br> Jewelry Express <br> PO Box 981439 <br> El Paso, TX 79998 | | | | | | | 1,418.00 |
| ACCOUNT NO. **430065440** <br> Macy's <br> PO Box 183083 <br> Columbus, OH 43218-3083 | | | | | | | 1,387.00 |
| ACCOUNT NO. **031137/2004** <br> Mullooly, Jeffrey, Rooney & Flynn <br> 4 Bridge Street <br> Glen Cove, NY 11542 | | | citibank universal card services | | | | 3,928.00 |
| ACCOUNT NO. **1268** <br> NCO - Marlin <br> PO Box 8529 <br> Philadelphia, PA 19100 | | | ztel communications | | | | 545.00 |
| ACCOUNT NO. **2102885407** <br> Park Dansan <br> 113 West 3rd Avenue <br> Gastonia, NC 28052 | | | mci communications | | | | 226.00 |

Sheet no. __1__ of __3__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                        11,778.00

(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

IN RE Brown, Iona M _____   Case No. _____
                                                                                   Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 115000550 <br> Portfolio Recovery <br> 120 Corporate Blvd, Suite 1 <br> Norfolk, VA 23502 | | | | | | | 545.00 |
| ACCOUNT NO. 545800401918 <br> Portfolio Recovery <br> 120 Corporate Blvd, Suite 1 <br> Norfolk, VA 23502 | | | | | | | 2,467.00 |
| ACCOUNT NO. 8050051801061985 <br> RJM Acquisitions LLC <br> PO Box 18006 <br> Hauppauge, NY 11788-8806 | | | fiingerhut, various | | | | 355.00 |
| ACCOUNT NO. 831041993 <br> Seventh Avenue <br> 1112 7th Avenue <br> Monroe, WI 53566 | | | | | | | 361.00 |
| ACCOUNT NO. 40846 <br> Shell/Citi <br> PO Box 6003 <br> Hagerstown, MD 21747 | | | | | | | 246.00 |
| ACCOUNT NO. cg8890907601843 <br> TrueLogic <br> PO Bos 4437 <br> Englewood, CO 80155-4437 | | | arrow financial services | | | | 820.00 |
| ACCOUNT NO. 549113038767 <br> Unifund <br> 10625 Techwoods Circle <br> Cincinnati, OH 45242 | | | citibank | | | | 3,938.00 |

Sheet no. __2__ of __3__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) | $  8,732.00

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 6F (10/06) - Cont.

IN RE Brown, Iona M _____    Case No. _____
                                    Debtor(s)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 311-454281-9 <br><br> **Washington Mutual** <br> **PO Box 1097** <br> **Northridge, CA  91328-1097** | | | overdraft | | | | 3,915.00 |
| ACCOUNT NO. 58167 <br><br> **WFNNB / NEW YORK & COMPANY** <br> **220 West Schrock Road** <br> **Westerville, OH  43081** | | | | | | | 125.00 |
| ACCOUNT NO. 29307 <br><br> **WFNNB / NEW YORK & COMPANY** <br> **220 West Schrock Road** <br> **Westerville, OH  43081** | | | | | | | 546.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __3__ of __3__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ 4,586.00

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $ 31,784.00

© 1993-2007 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

IN RE Brown, Iona M _____     Case No. _____
                     Debtor(s)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

© 1993-2007 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

IN RE Brown, Iona M _____    Case No. _____
                    Debtor(s)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE H - CODEBTORS

Official Form 6I (10/06)

IN RE Brown, Iona M _____    Case No. _____
                                                                                      Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Married** | RELATIONSHIP(S): **Daughter Son Daughter Son** | | AGE(S): **11 5 4 1** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Home Health Aid** | |
| Name of Employer | **Allen Health Care** | |
| How long employed | **3 1/2 Years** | |
| Address of Employer | **64 Gramatan Avenue Mount Vernon, NY** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ | 2,464.58 | $ |
| 2. Estimated monthly overtime | $ | | $ |
| **3. SUBTOTAL** | $ | 2,464.58 | $ |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and Social Security | $ | 463.41 | $ |
| b. Insurance | $ | 2.60 | $ |
| c. Union dues | $ | 25.70 | $ |
| d. Other (specify)   Garnishment | $ | 246.44 | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | 738.15 | $ |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ | 1,726.43 | $ |
| | | | |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | | $ |
| 8. Income from real property | $ | | $ |
| 9. Interest and dividends | $ | | $ |
| 10. Alimony, maintenance or support payments payable to the debtor's use or that of dependents listed above | $ | 400.00 | $ |
| 11. Social Security or other government assistance (Specify) _____ | $ | | $ |
| | $ | | $ |
| 12. Pension or retirement income | $ | | $ |
| 13. Other monthly income (Specify) **Spouse** | $ | 700.00 | $ |
| | $ | | $ |
| | $ | | $ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ | 1,100.00 | $ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ | 2,826.43 | $ |

**16. COMBINED AVERAGE MONTHLY INCOME:** (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)

| | $ | 2,826.43 |
|---|---|---|

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 6J (10/06)

IN RE Brown, Iona M                                              Case No. _____
_____
                 Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 958.00 |
|    a. Are real estate taxes included?    Yes ____ No ✓ | | |
|    b. Is property insurance included?    Yes ____ No ✓ | | |
| 2. Utilities: | | |
|    a. Electricity and heating fuel | $ | 155.00 |
|    b. Water and sewer | $ | |
|    c. Telephone | $ | 130.00 |
|    d. Other | $ | |
| 3. Home maintenance (repairs and upkeep) | $ | |
| 4. Food | $ | 100.00 |
| 5. Clothing | $ | 130.00 |
| 6. Laundry and dry cleaning | $ | 50.00 |
| 7. Medical and dental expenses | $ | |
| 8. Transportation (not including car payments) | $ | 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 150.00 |
| 10. Charitable contributions | $ | 25.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | |
|    b. Life | $ | |
|    c. Health | $ | |
|    d. Auto | $ | 258.00 |
|    e. Other | $ | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|    (Specify) | $ | |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | 544.43 |
|    b. Other | $ | |
| 14. Alimony, maintenance, and support paid to others | $ | |
| 15. Payments for support of additional dependents not living at your home | $ | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | |
| 17. Other | $ | |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.

$    2,800.43

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document

**None**

## 20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | | 2,826.44 |
|    b. Average monthly expenses from Line 18 above | | 2,800.43 |
|    c. Monthly net income (a. minus b.) | | 26.01 |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Official Form 7 (04/07)

## United States Bankruptcy Court
## Southern District of New York

IN RE:                                                        Case No. _____

Brown, Iona M                                                Chapter 7 _____
                        Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

    This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

    Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

    *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

    *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

**1. Income from employment or operation of business**

None ☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

      AMOUNT   SOURCE
      4,162.00   2006 - $15442.00
              2005 - $34950.00

**2. Income other than from employment or operation of business**

None ☑ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**3. Payments to creditors**
*Complete a. or b., as appropriate, and c.*

None ☑ a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None ☑ **b. Debtor whose debts are not primarily consumer debts:** List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ **c. All debtors:** List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Richard A. Roberts, Esq.<br>105 Stevens Avenue<br>Mount Vernon, NY 10550 | | 1,200.00 |
| Springboard Nonprofit Consumer Credit Mg | | 55.00 |
| credit counseling certificate | | |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| None | |
|---|---|
| ☑ | c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number. |

## 18. Nature, location and name of business

| None | |
|---|---|
| ☑ | a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case. |

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| None | |
|---|---|
| ☑ | b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101 |

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: <u>April 27, 2007</u>          Signature  */s/ Iona M Brown*
                                    of Debtor                                             Iona M Brown

Date:                               Signature
                                    of Joint Debtor
                                    (if any)

                        <u>0</u> continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2007 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

Bronx County Clerks Office
651 Grand Concourse
Bronx, NY 10451
-------------------------------------
Department:     LAW
Transaction No  1065095
Plaintiff       IONA BROWN
Defendant       J.J.J. DELIVERY L
IndexNo         300710-2007
Type:           CT

Amount Due:          $210.00
Amount Rcvd          $210.00
Change Due:          $0.00

Date:           12/17/0
Time:           10:50 AM

SUPREME COUNTY OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------------

IONA BROWN,

                         Plaintiff,

          -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,

                         Defendants,
----------------------------------------------------------------------

Index No. 303710/07

Date filed:

**SUMMONS**

Venue:
Plaintiff's residence.

          To the above named Defendant(s):

          YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the plaintiff's attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons
is not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Plaintiff 638 East 231st Street, Bronx, NY
Defendants' address : J.J.J. DELIVERY & RIVER STREET IDEA LEASE: 600 South River
Street., Hackensack, NJ
          JORGE ARACENA-NUNEZ: 192 Griffith Street, Jersey City, NJ

Dated: New York, New York
          December 1, 2007

                              Yours, etc.

                              _____
                              LONNY LEVITZ, Esq.
                              KUHARSKI, LEVITZ & GIOVINAZZO
                              Attorney for Plaintiff
                              7 Dey Street, 14th Floor
                              New York, New York 10007
                              (212) 228-1331

TO:     J.J.J. DELIVERY & RIVER STREET IDEA LEASE
        600 South River Street
        Hackensack, NJ

        JORGE ARACENA-NUNEZ
        192 Griffith Street,
        JerseyCityNJ

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------x

IONA BROWN,

                    Plaintiff,

        -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,,

                  Defendants.
------------------------------------------------------------------x

Index No. 303710/07

**VERIFIED COMPLAINT**

        Plaintiff, by his attorneys, **KUHARSKI, LEVITZ & GIOVINAZZO**, as and for a

cause of action allege upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF IONA BROWN

      1.    That at all times hereinafter mentioned, the plaintiff was and still is a resident of the

County of Bronx, State of New York.

      2.     That at all times mentioned herein, and on December 21, 2006, the defendant,

RIVER STREET IDEA LEASE, is was and has been a domestic corporation duly organized and

existing under and by virtue of the laws of the State of New York.

      3.    That at all times mentioned herein the defendant, RIVER STREET IDEA LEASE,

is, was and has been a domestic partnership and/or other domestic business entity doing business

in the State of New York.

      4.     That at all times mentioned herein, the defendant, RIVER STREET IDEA

LEASE, transacted business within the State of New York; regularly did or solicited business

within the State of New York or engaged in other persistent courses conduct and/or derived

substantial revenue from goods used or consumed or services rendered in the State of New York

and expected or should have reasonably expected its acts to have consequences within the State

of New York and/or derived substantial revenue from interstate or international commerce.

5.     That at all times mentioned herein, and on December 21, 2006, the defendant, RIVER STREET IDEA LEASE, is was and has been a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

6.     That at all times mentioned herein, and on December 21, 2006, the defendant, J.J.J. DELIVERY LLC, is was and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.     That at all times mentioned herein the defendant, J.J.J. DELIVERY LLC, is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

8.     That at all times mentioned herein, the defendant, J.J.J. DELIVERY LLC, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

9.     That at all times mentioned herein, and on December 21, 2006, the defendant, J.J.J. DELIVERY LLC, is was and has been a foreign corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.  That on December 21, 2006 and at all times hereinafter mentioned, the intersection of East 233rd Street, Bronx, NY, was and still is public highways used extensively by the public in general.

11.  That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the

owner of a vehicle with New Jersey State license plate # XD6055.

    12.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the owner of a 2005 Truck.

    13.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the owner of a 1998 Lincoln vehicle with New Jersey State license plates.

    14.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the owner of a 2005 Truck vehicle with New York Jersey license plate # XD6055.

    15.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the registrant of a vehicle with New Jersey State license plate # XD6055.

    16.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the registrant of a 2005 Truck.

    17.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the registrant of a 2005 Truck vehicle with New Jersey State license plates.

    18.    That on December 21, 2006, defendant, RIVER STREET IDEA LEASE, was the registrant of a 2005 Truck vehicle with New York Jersey license plate # XD6055.

    19.    That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the owner of a vehicle with New Jersey State license plate # XD6055.

    20.    That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the owner of a 2005 Truck.

    21.    That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the owner of a 1998 Lincoln vehicle with New Jersey State license plates.

    22.    That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the owner of a 2005 Truck vehicle with New York Jersey license plate # XD6055.

23.     That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the registrant of a vehicle with New Jersey State license plate # XD6055.

24.     That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the registrant of a 2005 Truck.

25.     That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the registrant of a 2005 Truck vehicle with New Jersey State license plates.

26.     That on December 21, 2006, defendant, J.J.J. DELIVERY LLC, was the registrant of a 2005 Truck vehicle with New York Jersey license plate # XD6055.

27.     That on December 21, 2006, defendant, JORGE ARACENA-NUNEZ, operated the aforesaid said vehicle.

28.     That on December 21, 2006, defendant, JORGE ARACENA-NUNEZ, controlled the aforesaid said vehicle.

29.     That on December 21, 2006, defendant JORGE ARACENA-NUNEZ, was operating said vehicle with the consent of defendant, RIVER STREET IDEA LEASE.

30.     That on December 21, 2006, defendant JORGE ARACENA-NUNEZ, was operating said vehicle with the permission of defendant, RIVER STREET IDEA LEASE.

31.     That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, was an employee of defendant, RIVER STREET IDEA LEASE.

32.     That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, while an employee of the defendant, RIVER STREET IDEA LEASE, operated the motor vehicle bearing license plate number XD6055, State of New Jersey.

33.     That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, operated a 2005 Truck.

34. That on December 21, 2006, defendant JORGE ARACENA-NUNEZ, was operating said vehicle with the consent of defendant, J.J.J. DELIVERY LLC.

35. That on December 21, 2006, defendant JORGE ARACENA-NUNEZ, was operating said vehicle with the permission of defendant, J.J.J. DELIVERY LLC.

36. That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, was an employee of defendant, J.J.J. DELIVERY LLC.

37. That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, while an employee of the defendant, J.J.J. DELIVERY LLC, operated the motor vehicle bearing license plate number XD6055, State of New Jersey.

38. That on December 21, 2006 the defendant, JORGE ARACENA-NUNEZ, operated a 2005 Truck.

39. That on December 21, 2006, plaintiff, IONA BROWN, was driving her 1994 Mazda at 233rd Street, Bronx, NY.

40. That on or about December 21, 2006, the vehicle owned by defendant RIVER STREET IDEA LEASE and /or J.J.J. DELIVERY LLC and operated by defendant JORGE ARACENA-NUNEZ, came into contact with the vehicle owned and operated by the plaintiff IONA BROWN.

41. That the aforesaid collision and injuries resulting therefrom were due solely and wholly to the careless and negligent manner in which the defendant operated and controlled their motor vehicle without this plaintiff in any way contributing thereto.

42. That the negligence of the defendants consisted of operating the aforesaid motor vehicle in a negligent, reckless, careless, grossly negligent, wanton and inherently reckless manner; in failing to keep the aforesaid motor vehicle under reasonable and proper control; in

failing to operate the aforesaid motor vehicle with due regard for the safety of the public and others; in failing to keep a proper lookout; in failing to observe what was available to be observed; in failing to observe the plaintiff's vehicle; in failing to avoid contact with plaintiff's vehicle, and to yield the right of way to the plaintiff's vehicle; in operating the aforesaid motor vehicle in a manner contrary to and in violation of the statutes, ordinances, rules and regulations in such cases made and provided; in failing to change lanes in a safe and reasonable manner; in failing to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in operating the aforesaid motor vehicle in such a negligent, careless, reckless wanton and grossly negligent manner as to precipitate the aforesaid accident; in failing to take defensive action; in failing to warn of the approach of the aforesaid motor vehicle; in failing to sound a warning to the plaintiff; in driving said vehicle through a red light; and the defendant was otherwise careless, reckless and negligent in the premises, in rear ending plaintiff's vehicle; in disobeying traffic signs and/or signals.

42.  That by reason of the foregoing and the negligence of the said defendants, this plaintiff sustained serious, severe, and permanent injuries to his head, limbs and body; still suffers and will continue to suffer for some time great physical and mental pain and serious bodily injury; and became sick, sore, lame and disabled and so remained for a considerable length of time.

43.  That by reason of the wrongful, negligent and unlawful actions of the defendants as aforesaid, the plaintiff, IONA BROWN, sustained serious injuries as defined by the Insurance Law of the State of New York and has sustained economic loss greater than basic economic loss as defined by said Insurance Law.

44.  That by reason of the foregoing and the negligence of the said defendant, this

plaintiff, IONA BROWN, is informed and verily believes that his aforesaid injuries are permanent, and that he will permanently suffer from the effects of his aforesaid injuries and will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

45.    That by reason of the foregoing, this plaintiff, IONA BROWN, was compelled to seek and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for medicines, and upon information and belief, the plaintiff, IONA BROWN, will necessarily incur similar expenses in the future.

46.    That this action falls within one or more of the exceptions set forth in CPLR 1602.

47.    That by reason of the wrongful, negligent and unlawful actions of the defendant as aforesaid, the plaintiff, IONA BROWN, was severely injured, and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

48.    That by reason of the wrongful, negligent and unlawful actions of the defendant as aforesaid, the plaintiff, IONA BROWN's vehicle suffered property damage.

49.    That as a result of the defendant's negligence as aforesaid, this plaintiff, IONA BROWN, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

WHEREFORE, plaintiff, IONA BROWN demands, judgment against the defendants in the First Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS, together with costs and disbursements of this action.

Dated:  New York, New York
        December 1, 2007

                              Yours, etc.,

                              KUHARSKI, LEVITZ & GIOVINAZZO
                              Attorneys for Plaintiffs
                              7 Dey Street, 14th Floor
                              New York, New York 10007
                              Tel. 212/228-1331

STATE OF NEW YORK        }
                         } ss.
COUNTY OF NEW YORK       }

     Lonny Levitz sworn, deposes and says:

     That deponent is a member with **KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.**, attorneys for the plaintiff in the within action; that the deponent has read the foregoing and knows the contents thereof; that the same is true to deponents knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

     Deponent further says that the source of deponent's information and the grounds of deponent's beliefs as to all matters not stated upon deponent's knowledge are from investigation made on behalf of said plaintiff.

DATED:     NEW YORK, NEW YORK
          December 1, 2007

                             _____
                        Lonny Levitz

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

IONA BROWN,

                            Plaintiff,

        -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,,

                            Defendants.

---

*SUMMONS & VERIFIED COMPLAINT*

---

KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
Attorneys for Plaintiffs
7 Dey Street
14$^{h}$ floor
New York, New York 10007
212-228-1331

---

TO:  J.J.J. DELIVERY & RIVER STREET IDEA LEASE
     600 South River Street
     Hackensack, NJ

     JORGE ARACENA-NUNEZ
     192 Griffith Street,
     Jersey City NJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IONA BROWN,

                                    Plaintiff,                              Index No. 13120/07

           -against-                                          AFFIRMATION IN OPPOSITION

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,,

                                    Defendants.
------------------------------------------------------------x

     **LONNY LEVITZ, ESQ.**, an attorney duly licensed to practice law in

the State of New York, hereby affirms under the penalty of perjury:

     1.    I am a member of the firm of KUHARSKI, LEVITZ & GIOVINAZZO,

ESQS. attorneys for the plaintiff, and as such, am fully familiar with

all the pleadings and proceedings heretofore had herein.

     2.    This Affirmation is submitted in Opposition to Defendants'

Motion to dismiss this action.

     3.    The facts outlined in defendants' motion to dismiss are

essentially correct and are not disputed for purposes of this motion.

     4.    At plaintiff's deposition your affirmant first learned that

plaintiff had filed for bankruptcy.  She had filled for bankruptcy

after her accident had occurred and prior to suit being filed. Upon

learning that the plaintiff had filed for Bankruptcy your affirmant

contacted  plaintiff  bankruptcy  attorney  and  the  trustee  for  the

bankruptcy.  I confirmed that plaintiff law suit or cause of action

was not included on her bankruptcy petition.

     5.    The trustee for plaintiff's bankruptcy was Ian Gazes, Esq.

A member of the law firm of Gazes LLC, 32 Avenue of the Americas, New

York, NY  10013.  After leaving several messages for Mr. Gazes I was

contacted  by  John  Oliva  from  Mr.  Gazes'  office.   I  explained  to

circumstances to Mr. Oliva.  He told me that he would speak with Mr. Gazes and get back to me.

6.    Mr. Oliva called me back and informed me that Mr. Gazes will be making a motion to reopen Iona Brown's bankruptcy.  Upon reopening the bankruptcy he intends to move to have your affirmant's law firm hired to represent the creditors interest in this Iona Brown's law suit, and have my office make a motion to this Court to Amend the Caption so that this matter can properly proceed.  Mr. Oliva requested that I inform the Court of these facts and that Mr. Gazes has requested that this Court either deny the defendants' motion in its entirety or adjourn the motion until the bankruptcy is reopened and your affirmant can make a motion to amend the law suit so that it can properly proceed.

7.    Movant correctly points out that the rights to this lawsuit are at least partially that of the bankruptcy estate.  Therefore the bankruptcy trustee does have the full right, duty and obligation to become involved in this action and should be allowed to due so.

8.    Furthermore; it must also be pointed out this accident occurred in December of 2006, therefore the Statute of Limitation for bringing an actions will not expire until December 2009.  Therefore even if the Court did dismiss the action act this time as a result of Ms. Brown's lack of capacity to bring suit, the dismissal would not be on the merits and the trustee would still be able to file the same law suit as he will have the capacity to do so.  Therefore dismissal of this action at this time for the reasons requested by the movant will simply lead to a waste of judicial resources and is unwarranted.

**WHEREFORE**, it is respectfully requested that the Court deny Defendants' Motion to dismiss, and allow the trustee time to reopen Ms. Brown's Bankruptcy case so that this matter may properly proceed, and for such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
          August 19, 2008

                                    _____
                                    LONNY LEVITZ

## AFFIRMATION OF SERVICE

STATE OF NEW YORK :

                       ss.:

COUNTY OF NEW YORK:


       **Lonny Levitz,** an attorney duly admitted to practice law in the State of New York affirms the truth of the following under penalty of perjury:

       I am not a party to the action, am over the age of eighteen (18) years and reside in New York County, New York, New York.  On  August 19, 2008, I served the within

### AFFIRMATION IN OPPOSITION

by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Law Offices of Harvey & Vandamme
Mark A. Solomon
90 Broad Steet, Suite 2202
New York, NY  10004
646-428-2650


Gazes LLC
Ian Gazes
32 Avenue of the Americas
New York, NY  10013


DATED:      NEW YORK,NY
               AUGUST 19, 2008

                                _____
                                 LONNY LEVITZ, ESQ.
                                 KUHARSKI , LEVITZ & GIOVINAZZO, ESQ
                                 7 Dey Street, 14th Floor
                                 New York, NY  10007
                                 (212)228-1331

Index No.13120/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

IONA BROWN,

                            Plaintiff,

        -against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,,

                            Defendants.

_____


AFFIRMATION IN OPPOSITION

_____


KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
Attorneys for Plaintiffs
7 Dey Street
14$^{h}$ floor
New York, New York 10007
212-228-1331


TO:  Law Offices of Patrick J. Maloney
     Attorneys for the Defendants
     90 Broad Street, Suite 2202
     New York, NY  10004
     (646) 428-2650

JAMES W. HARVEY*
HENDRICK
VANDAMME
MARK A. SOLOMON
JOSE M. GOMEZ
WILLIAM AMBROSE

LAW OFFICES
- of -
HARVEY AND VANDAMME

90 BROAD STREET, SUITE 2202
NEW YORK, NY 10004

TELEPHONE: (646) 428-2650
FACSIMILE: (800) 730-5705

*Managing Attorney
Admitted in PA and WV
Only.
Not admitted in NY.

Not a Partnership
Employees of the Safeco P & C Insurance
Companies

July 11, 2008

Magistrate Judge Theodore H. Katz
United States District Court - Southern District
500 Pearl Street
New York, New York 10007

Re:    Brown, Iona v. J.J.J. Delivery LLC, River Street Idea Lease and Jorge Aracena-
Nunez (Docket #08-cv-0026 (THK))

Honorable Sir:

Our office represents defendants J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ in the above-referenced matter. This is a cause of action for
money damages arising from a motor vehicle accident on December 21, 2006. At her deposition
conducted on July 10, 2008, plaintiff Iona Brown revealed that she had filed for bankruptcy.
Enclosed herewith are copies of the PACER documents evidencing that plaintiff voluntarily filed
under Chapter 7 on April 26, 2007, after her cause of action accrued. An Order of Final Decree
issued January 11, 2008.

The United States Bankruptcy code broadly defines the property of a debtor to include
causes of action existing at the time of the commencement of the bankruptcy action. (Bromley v.
Fleet Bank, 240 A.D.2d 611, 659 N.Y.S.2d 83; see also, 11 USC § 541[a][1]). Upon the filing of
a voluntary bankruptcy petition, all property that the debtor owns or subsequently acquires,
including a cause of action, vests in the bankruptcy estate (See, DeLarco v. DeWitt, 136 A.D.2d
406, 527 N.Y.S.2d 615). A debtor's failure to list a legal claim as an asset on his or her
bankruptcy petition causes the claim to remain the property of the bankruptcy estate and
precludes a debtor from pursuing the claim on his or her own behalf (See, Hansen v. Madani,
263 A.D.2d 881, 693 N.Y.S.2d 332).

For example, in Coogan v. Ed's Bargain Buggy Corp., 719 N.Y.S.2d 260 (App. Div. 2nd
Dept 2001), the incident on which the action was based occurred in December 1993. The

plaintiff thereafter commenced a bankruptcy proceeding in March 1994. The plaintiff did not include the action as an asset on his bankruptcy petition. Having failed to do so, the Court ruled that he lacked the capacity to sue in the present action and dismissed the Complaint. Id.

Similarly, in Robinson V. J.A. Wiertel Construction and Benderson Dev. Corp., 586 N.Y.S.2d 59 (App. Div. 4th Dept 1992), the Appellate Court unanimously affirmed the dismissal of plaintiff's case, where the plaintiff failed to list a pre-petition personal injury cause of action on his schedule of assets in his bankruptcy petition. Id. The Court stated that he had no standing to pursue the personal injury claim, as the cause of action was the property of the bankruptcy estate. Id.

Specifically, the Robinson Court stated that "[a]ll assets of the debtor must be listed on the schedule of assets (11 USC 521 [1]). If a debtor fails to schedule an asset, the asset cannot be 'dealt with' during the bankruptcy, and therefore, title to the asset remains in the bankruptcy estate (See, Dynamics Corp. of Am. v. Marine Midland Bank of New York, 69 N.Y.2d 191, 196-197, 513 N.Y.S.2d 91, 505 N.E.2d 601). Having failed to list a personal injury cause of action against Benderson on his schedule of assets, plaintiff is precluded from pursuing the claim (See, Matter of C&M Plastics, 168 A.D.2d 160, 161, 571 N.Y.S.2d 343; DeLarco v. DeWitt, 136 A.D.2d 406, 408, 527 N.Y.S.2d 615)". Robinson, supra.

Accordingly, defendants request a pre-motion conference with respect to defendants' contemplated motion to dismiss the complaint for the foregoing reasons. We thank the Court for its kind attention to this matter.

Respectfully submitted,

Mark A. Solomon

Encl.
Email: MARSOL@safeco.com

cc:    Lonny Levitz, Esq.
       Kuharski, Levitz & Giovinazzo
       Attorney for Plaintiff
       7 Dey Street - 14th Floor
       New York, New York 10007

       Bob Wood
       P.O. Box 515097
       Los Angeles, CA 90051

       Mr. Fred Berger
       River Street Idealease
       600 South River Street
       Hackensack, New Jersey 07601