UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IONA BROWN,

                                           Plaintiff,
-against-

J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE
and JORGE ARACENA-NUNEZ,

                                           Defendants.
----------------------------------------------------------------X

ECF CASE

Index No.: 08-CV-0026 (MGC)

**REPLY AFFIDAVIT**

**Return date: September 18, 2008**

STATE OF NEW YORK   )
                              )ss.:
COUNTY OF NEW YORK   )

    Mark A. Solomon, being duly sworn, deposes and states:

    1.    I am an attorney duly admitted to practice before this Court. I am an attorney with the Law Offices of Harvey & Vandamme, attorneys for defendants J.J.J. DELIVERY LLC, RIVER STREET IDEA LEASE and JORGE ARACENA-NUNEZ in the above captioned matter. I am familiar with the pleadings and proceedings in this matter, and I make this reply affidavit in further support of defendant's motion for an Order pursuant to FRCP 17 dismissing the complaint in its entirety, together with such other relief as the Court may deem just and proper.

    2.    The essential facts warranting the relief sought are admitted by plaintiff, that plaintiff voluntarily filed under Chapter 7 on April 26, 2007, and failed to list her cause of action arising from the December 21, 2006 motor vehicle accident as an asset on the Voluntary Petition.

    3.    Having admitted those facts, plaintiff admits not only that she lacks the capacity to sue, but that she lacks the capacity to oppose the instant motion in the above-captioned suit.

    4.    Plaintiff's affirmation in opposition relies entirely upon the double hearsay of what he was told by a non-party John Oliva of what was said by another non-party Ian Gazes.

Neither Mr. Oliva nor Mr. Gazes have submitted any affidavit in opposition to the instant motion.

  5. Plaintiff is judicially estopped from opposing the instant motion by the Order of Final Decree issued January 11, 2008. No subsequent Order re-opening the bankruptcy is submitted in opposition to the instant motion. Indeed, no copy of any pending or proposed motion to reopen the bankruptcy was submitted with plaintiff's opposition to the instant motion.

  6. As held in <u>Negron v. Weiss</u>, 2006 U.S. Dist. LEXIS 69906 (EDNY 2006), where a plaintiff asserted that "if the equitable interest which we claim . . . should have been listed on the Chapter 7 Petition then we will reinstitute and re-open the Bankruptcy case:"

> It is not clear that the [plaintiffs] should be allowed to re-open the Bankruptcy proceeding so as to avoid dismissal of the instant case. See, e.g., <u>In re Superior Crewboats, Inc.</u>, 374 F.3d at 336 (affirming district court's dismissal of claims on judicial estoppel grounds and stating that plaintiffs "cannot be permitted, at this late date, to re-open the bankruptcy proceeding and amend their petition. Judicial estoppel was designed to prevent such abuses."); <u>De Leon v. Comcar Indus., Inc.</u>, 321 F.3d 1289, 1292 (11th Cir. 2003) ("Allowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them.") (citing <u>Burnes</u>, 291 F.3d at 1288)). Nevertheless, the complaint does not indicate that the [plaintiffs] have filed a petition to re-open the proceedings, nor have the [plaintiffs] given this Court any evidence that they have already requested a reopening. Thus, there is currently a judicial decision adopting the [plaintiffs'] representation that they have no legal or equitable claim to the Apartment. As such, the [plaintiffs] are judicially estopped from now asserting that they have such a claim and the defendant's motion for summary judgment should be granted.

  7. Plaintiff' opposition unjustifiably asks this Court to waste valuable judicial resources by cluttering its calendar with an action improperly brought, and improperly maintained by a plaintiff who admittedly lacks the capacity to sue. Plaintiff unjustifiably asks

defendants to continue to bear the expense of defending an action improperly brought, and improperly maintained by a plaintiff who admittedly lacks the capacity to sue.

WHEREFORE, it is respectfully requested that the Court grant the within motion for an Order pursuant to FRCP 17 dismissing the complaint in its entirety, together with such other relief as the Court may deem just and proper.

_____
Mark A. Solomon (2613)

Sworn to before me this
26 day of Aug, 2008.

_____
Notary Public

Crystal J. Franklin
Notary Public of New York
Registration #01FR6150968
Qualified in Queens County
My Commission Expires 8/7/10